**Elba ALVARADO AVILES, personally and in representation of her minor son Juan Enrique Bonilla, Jr., Plaintiff,**

v.

**Jorge Diaz BURGOS, et al., Defendants and Third party Plaintiffs,**

v.

**The TRAVELERS INDEMNITY CO., Third party Defendants.**

**Civ. No. 81–2480 HL.**

United States District Court, D. Puerto Rico.

Oct. 4, 1984.

Luis N. Blanco Matos, José R. Jiménez Del Valle, Hato Rey, P.R., for plaintiff.

Amancio Arias Cestero, Arais Cestero and Arias Guardiola, Santurce, P.R., for Sea Land Services, Inc.

Pedro Toledo González, Geigel, Silva, Irizarry & Toledo, San Juan, P.R., for Navieras de P.R., Inc.

Pedro Toledo González, San Juan, P.R., for Ariel Ruiz Charón.

Antonio Montalvo Nazario, Old San Juan, P.R., for Corp. Insular de Seguros & A. Ruiz Charon.

## OPINION AND ORDER

LAFFITTE, District Judge.

Present before this Court are various post-judgment motions of codefendants Corporación Insular de Seguros (Corporación), Ariel Ruiz Charón (Ruiz Charón), Navieras de Puerto Rico (Navieras), and Travelers Indemnity Co. (Travelers). Judgment was entered in this action on August 31, 1984. On September 1, 1984, Corporación and Ruiz Charón brought motions under FRCP 59(e) to alter or amend the judgment. On September 10, 1984, Navieras moved the Court for judgment notwithstanding the Verdict and for a new trial. On September 21, 1984, Travelers brought a motion under FRCP 60(b)(1) or 60(b)(6) for relief from judgment.

### A. NAVIERAS' MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT, AND FOR NEW TRIAL.

At the outset, we note the difference between these two kinds of motion and the standard applicable to each.

"Thus on a motion for a new trial—unlike a motion for a directed verdict—the judge may set aside the verdict even though there is substantial evidence to support it. He is not required to take that view of the evidence most favorable to the verdict-winner. The mere fact that the evidence is in conflict is not enough to set aside the verdict. Indeed the more sharply the evidence conflicts, the more reluctant the judge should be to substitute his judgment for that of the jury. But on a motion for a new trial on the ground that the verdict is against the weight of the evidence, the judge is free to weigh the evidence for himself ..." 11 Wright & Miller, *Fed. Practice and Procedure*, Section 2806, p. 43–45.

In reviewing a motion for judgment notwithstanding the verdict it is improper to weigh credibility or resolve conflicting testimony. *Rios v. Empresas Lineas Maritimas Argentinas*, 575 F.2d 986, 990 (1st Cir.1978). The evidence presented at trial established that the scene of the accident was dark; that the flatbed owned by Navieras was parked on the rolling surface of the road, occupying eight feet of a twelve feet lane, following a semi-curve; that Navieras' premises were located in the near proximity of the scene of the accident, and that the flatbed was parked there for a lengthy period of time. There was also evidence that codefendant (cross-claimant) Burgos, had drunk alcoholic beverages the night of the accident, and that the headlights of his car were functioning properly.

This Court harbors no doubt that the jury verdict, finding that Navieras, Burgos, and Ruiz Charón were comparatively negligent, is amply supported by the record. Furthermore, where credibility of witnesses is at issue, special care should be taken not to interfere with the verdict.

*Rios v. Empresas Lineas Maritimas Argentinas, supra.*

Navieras further moved the Court, in the alternative, for a reduction of the damages awarded by the jury to plaintiff Juan E. Bonilla, Jr., on the grounds of excessiveness. The jury, based on expert, photographic · and other testimonial evidence, awarded plaintiff Elba Alvarado Avilés, a passenger in the car driven by codefendant Burgos, $200,000. Alvarado Avilés, mother of coplaintiff Juan E. Bonilla, suffered multiple and serious bodily injuries, consisting of open fracture of her right femur and pelvis, fracture of the jaw and deformity of right thigh. She underwent oral and orthopedic surgery; was unconscious for two weeks and was hospitalized for two months. She was left permanently injured.

On the other hand, coplaintiff Juan E. Bonilla, Jr., son of Elba Alvarado, was approximately 12 years old at the time of the accident. He had been living with his divorced mother in New Haven, Connecticut. He was visiting in Puerto Rico with his mother in 1980, where the accident occurred. He was not a passenger in the car and was not involved in the accident. His claim is for grief and mental anguish. Bonilla, Jr., testified that he visited his mother at the hospital the day following the accident; that he stayed at his uncle's house in Levittown for a month while his mother was hospitalized, and then returned to Connecticut. He further testified about his deep love and affection for his mother; how he used to go skating with his mother, and that he cannot skate with his mother any more, following the accident. The evidence showed that his mother was able to return to her job with the City of New London as a dental assistant at a wage rate of $6.48 per hour, where she has been working for the last ten years.

No expert testimony was presented concerning future emotional damages, if any, suffered by Bonilla, Jr. Nor was there evidence as to whether Alvarado's absence from work as a result of her injuries caused any economic hardship on Bonilla, Jr. Normally, a jury is accorded broad

**32**

discretion in setting damages awards, specially in the troublesome area of recovery for grief or mental anguishes. The damages awarded, however, must be reasonable, based on the evidence, and should not be excessive. *Bonn v. Puerto Rico International Airlines, Inc.*, 518 F.2d 89 (1st Cir.1975); *Compañia Transatlantica Española v. Melendez Torres*, 358 F.2d 209 (1st Cir.1966); *Ramos Rivera v. Ela*, 90 DPR 828 (1964); *Moa v. Ela*, 100 DPR 573, 587 (1972).

■ After a careful review of the evidence concerning the mental anguishes suffered by Bonilla, Jr., the Court finds that the $100,000 award (reduced to $95,000 by virtue of his mother's comparative negligence), is excessive and is not supported by the evidence. The Court finds that in the light of the evidence said award is unreasonable and is clearly against the weight of the evidence.[1]

Therefore, the Court shall deny the motion for judgment notwithstanding verdict and grant Navieras' motion for a new trial limited to the question of damages[2] as to coplaintiff Juan Enrique Bonilla, Jr., unless said plaintiff file a remittitur, within twenty days of the filing of this order, to reduce the verdict to $30,000. *De Thomas v. Delta SS Lines, Inc.*, 58 FRD 335 (D.P.R. 1973).

### B. RULE 60(b) MOTION.

Travelers' motion is DENIED as untimely. Travelers' motion is essentially asking the Court to reconsider its application of the law in this case and to alter the judgment based on that application. Although some circuits have allowed parties to bring such a motion under Rule 60(b), the First Circuit Court of Appeals has clearly stated that:

"If the Court merely wrongly decides a point of law, that is not 'inadvertence, surprise, or excusable neglect.' Moreover, the words in the context of Rule 60(b) seem addressed to some special situations justifying extraordinary relief." *Silk v. Sandoval*, 435 F.2d 1266, 1267–68 (1st Cir.), cert. denied, 402 US 1012 [91 S.Ct. 2189, 29 L.Ed.2d 435] (1971), as quoted in *Scola v. Boat Frances, R. Inc.*, 618 F.2d 147 (1st Cir.1980).

Motions to amend or alter a judgment are properly brought within ten days after entry of judgment, pursuant to Rule 59(e). See also, *Morgan Guaranty Trust Co. v. Third National Bank*, 545 F.2d 758, 760 & n. 3 (1st Cir.1976). The ten day limitation fixed by Rule 59(e) is one of the few limitary periods which the Court has no power to enlarge. *Scola, supra*, 618 F.2d at 154. For this reason, a Rule 60(b) motion does not toll the time period to file a notice of appeal, as does a Rule 59 motion to amend. See Federal Rule of Appellate Procedure 4. However, because the Court still has the codefendant's Rule 59 motions under consideration, it shall address the merits of Travelers' motion, sua sponte, along with motions under 59(e) by Corporación and Ruiz Charón.

### C. RULE 59(e) MOTION.

Corporación and Ariel Ruiz Charón's motion under Rule 59(e) asks the Court to reconsider its application of the doctrine of set-off and the right of contribution to the facts of this case. These issues are presented by paragraphs (a), (b), and (e) of Corporación's motion. Paragraph (c) requests that the prorata distribution of coverage by the insurance companies be altered. Paragraph (d) requests the Court to reconsider its ruling on the effect of the hold harmless agreement between Ruiz Charón and Navieras. And finally, para-

---

1. In *Rios v. Empresas Líneas Marítimas Argentinas, supra*, at note 5, Judge Bownes states: "We note that the standard has been variously stated as requiring that the verdict be against the 'clear weight' or the 'overwhelming weight' or the 'great weight' of the evidence."

2. The partial new trial device, allowed under Rule 59(a) of the Federal Rules of Civil Procedure, is often used to limit the new trial to the issue of damages where liability has been completely determined by the jury and the damage issue is not interwoven with the liability issue. *Yates v. Dann*, 11 F.R.D. 386 (D.Del.1951); *Calaf v. Fernández*, 239 F. 795 (1st Cir.1917).

graph (f) requests that the additional sums be deducted from plaintiffs' damages pursuant to ACAA, 9 LPRA 2058.

The Rule 59 Motion shall be granted in part and denied in part.[3]

Relief requested in paragraph (f) is DENIED for the reasons stated in the Conclusions of Law entered on August 31, 1984. Relief requested in paragraph (c) is GRANTED, and the Judgment shall be amended to provide that Corporación shall pay 9% and Travelers pay 91%, rather than 10% and 90%, as stated in the original Judgment.

■ The relief requested by paragraphs (a) and (d) require more discussion. The Hold Harmless Clause in the contract between Navieras and Ruiz Charón provided that Ruiz Charón agreed "to hold the Lessor [Navieras] harmless from any responsibility for any loss, injury or wrong to any person or property as the result of the use, performance, maintenance, or possession of said trailer van and its equipment, due to any cause or reason which may occur ..." Clause 3.5, Trailer Interchange Agreement.

Corporación and Ruiz Charón argue that based on the Jury finding that Ruiz Charón did not exceed the permissive we granted by virtue of such Trailer Interchange Agreement, the hold harmless clause has no effect. The Court held that the effectiveness of the hold harmless clause did not depend upon the breach of the contract by Ruiz Charón. The Court now reiterates that position. However, in the Judgment Ruiz Charón was found liable only for 80% of any damages caused. The Court now clearly concludes that Ruiz Charón should not be bound to indemnify Navieras for its own negligence. Because the jury found Navieras to be 20% causally negligent, the Court concludes that Ruiz Charón shall only be bound to hold Navieras harmless for damages not caused by Navieras.

The Supreme Court of Puerto Rico has held that "clear and explicit language is required in the contract to absolve a person from the consequences of his own conduct." *Cabrera v. Doval*, 76 PRR 728, 731 (1954), as quoted in *Chico Ramos v. Editorial Ponce, Inc.*, 101 DPR 759 (1973), Vol. 101 Official Translation, at p. 1058. The Trailer Interchange Agreement does not clearly state that Ruiz Charón shall hold Navieras harmless for its own negligent acts. Therefore, the Court shall not impose such a responsibility. Relief requested by paragraph (d) is DENIED, and the Judgment as to the responsibility of Ruiz Charón under the Hold Harmless Clause shall remain unchanged.[4]

The relief requested by paragraphs (a), (b) and (e) of Rule 59(e) motion shall be granted, but for reasons other than those stated in defendant's motion. In its Conclusions of Law of August 31, 1984, the Court applied a two-step procedure to determine the joint debts of the parties resulting from the jury verdict. The first step applied the doctrine of set off, reducing the common debt owed as to each claimant. In the second step, the Court considered that newly determined joint debt for purposes of the right of contribution between the codefendants.

■ Upon review of this procedure, the Court finds that it improperly applied the doctrine of set off as between coplaintiff Elba Alvarado Avilés, her son Juan Enrique Bonilla, and codefendant George Díaz Burgos. A close scrutiny of the record in this case reveals that no counterclaim was ever brought by codefendant George Díaz Burgos against the coplaintiffs. Díaz Burgos only brought cross-claims for his damages against the other codefendants. In other words, although plaintiffs alleged and proved to the jury that Díaz Burgos was 60% causally negligent, George Díaz Burgos never alleged or attempted to prove that co-plaintiffs were in any way respon-

---

**3.** Although Travelers' Rule 60 motion was denied as untimely, by ruling on Corporación's Rule 59 motion, the Court feels the merits of Travelers' motion shall be addressed, as it raises substantively the same issues.

**4.** The Court has in effect ruled on the merits of Travelers' motion by addressing this point and affirming its original judgment.

sible for his damages. Because Díaz Burgos never claimed against co-plaintiffs, the doctrine of set off should not have been applied between them. In other words, George Díaz Burgos is responsible as a joint and several tortfeasor to Elba Alvarado Avilés and Juan Enrique Bonilla for all of their damages. But, Elba Alvarado Avilés and Juan Enrique Bonilla are *not* responsible for Díaz Burgos' damages, and he never claimed that they were so liable.

Because the doctrine of set off was improperly applied to reduce the joint debt of George Díaz Burgos, the rights of Navieras and Ruiz Charón to contribution was improperly limited to a percentage of that reduced amount.

Therefore, the Court now concludes that George Díaz Burgos is jointly and severally liable with Ruiz Charón and Navieras for *all* of the plaintiffs' damages.[5] Consequently, the doctrine of set off shall still be applied as between George Díaz Burgos and co-defendants Navieras and Ruiz Charón, but not as to co-plaintiffs.

WHEREFORE, Travelers' Rule 60(b) motion is hereby DENIED. It is further ORDERED that Navieras' motion for judgment notwithstanding the verdict is DENIED.

It is further ORDERED that Navieras' motion for new trial limited to the question of damages as to co-plaintiff Juan Enrique Bonilla, Jr., is GRANTED, unless said plaintiff file a remittitur, within twenty days of filing of this order, to reduce the verdict as to Juan Enrique Bonilla to $30,000. *De Thomas v. Delta SS Lines, Inc.*, 58 F.R.D. 335 (DPR 1973).

It is further ORDERED that Corporación and Ruiz Charón's Rule 59(e) motion is DENIED in part, and GRANTED in part.

The Judgment of August 31, 1984, shall be amended accordingly, following the twenty days granted to co-plaintiff Bonilla to file remittitur.

IT IS SO ORDERED.

5. Note that the Court also granted a motion for new trial, if plaintiff Juan Enrique Bonilla does

not remit damages, as explained at pages 31–32 above.