Pablo de LEON LOPEZ, Plaintiff,

v.

**CORPORACION INSULAR de SEGUROS, et al.,**
Defendants.

Civ. No. 88–764 HL.

United States District Court,
D. Puerto Rico.

June 12, 1990.

Héctor Cuevas Tañón, Harold D. Vicente, Santurce, P.R., Arturo Nieves Huertas, Hato Rey, P.R., for plaintiff.

Doris Quiñones Tridas, De Corral & De Mier, Hato Rey, P.R., for Medical Services Admin. and Professional Underwriters Ins. Co.

Ricardo L. Rodríguez Pádilla, San Juan, P.R., for Corporación Insular de Seguros.

Guillermo Silva Janer, Buchanan Sector, Caparra Heights, P.R., for third party defendant Richport Ins. Co. and Universal Ins. Co.

## OPINION AND ORDER

LAFFITTE, District Judge.

Following a two-day trial, a jury awarded plaintiff, Pablo de León López ("de León"), $800,000.00 for his injury caused when University Hospital of the Puerto Rico Medical Center ("University Hospital") inadvertently switched one of plaintiff's newborn twin granddaughters with another family's twin daughter. The defendant insurance company, Corporación Insular de Seguros ("Corporación") has moved for judgment notwithstanding the verdict (j.n. o.v.), for a new trial, or for a remittitur of the damage award. Defendant has also moved that the case be dismissed because it is barred by the Eleventh Amendment. Plaintiff has responded.

After careful consideration of the evidence presented at trial and briefs of counsel, we deny the motion for j.n.o.v. We grant, however, the motion for new trial limited to the question of damages, unless the plaintiff files a remittitur to reduce the verdict to $110,000.00. Corporación's postjudgment motion to dismiss is also denied, and attorneys fees and costs are awarded to the plaintiff.

## I. Judgment n.o.v.

■ On a motion for j.n.o.v., the judge must view the evidence in the light most favorable to the verdict-winner, and should be reluctant to substitute his judgment for that of the jury. *Richardson by Richardson v. Richardson–Merrell, Inc.,* 857 F.2d 823 (D.C.Cir.1988); 11 Wright and Miller, *Fed. Practice and Procedure,* Section 2806. It is also improper for a judge to weigh credibility or resolve conflicting testimony. *Avilés v. Burgos,* 601 F.Supp. 29, 31 (D.P.R.1984); *aff'd in part,* 783 F.2d 270 (1st Cir.1986). In this case, there is virtually no conflict or doubt that the evidence overwhelmingly supports a verdict for the plaintiff.

At trial, plaintiff presented undisputed evidence that at the time plaintiff's daughter-in-law left the University Hospital on September 7, 1985, the hospital's staff gave one of his son and daughter-in-law's newborn twin daughters to another mother who had also just given birth to identical twin girls in the hospital. At the same time, the hospital gave to plaintiff's son and daughter-in-law one of their natural twin daughters and one of the other family's newborn twin girls. Both sets of newborn twins were in the exclusive control of the University Hospital staff at the time of the switch. There was no evidence that either plaintiff or his family contributed to or caused the switching of the babies.[1] Neither plaintiff nor defendant could offer evidence showing precisely when, how, or by whom the switch occurred. For two years, both families assumed they had their natural twins, although they were not identical. The switch was inadvertently discovered by the twins' aunt who testified at trial. The families have since taken custody of their natural twin daughters.

The plaintiff established his case for negligence with the testimony of the plaintiff's son, daughter-in-law, the plaintiff himself, the head nurse of the University Hospital pediatrics ward at the time the babies were switched, an expert on hospital medical malpractice insurance, and various documents of blood type, hospital procedure, and stipulations of the parties.[2]

1. The mother of the twins testified at trial that at the time she received the baby twins, she commented to a hospital nurse that one did not look like hers, but was told not to be concerned, that newborns are always changing rapidly.

2. The plaintiff also submitted at trial a videotape of a news program in which Drs. Saldaña and Candelario, successors in interest of the Chancellor of University Hospital at time of switching of the twins, admitted that a mistake had occurred and should be corrected by the hospital. The Court did not base its findings on this alone, or any other single piece of evidence, but considered the plaintiff's evidence as a whole.

Defendant Corporación did not attempt in any way at trial to counter or rebut plaintiff's evidence of the hospital's negligence. Rather, Corporación chose to defend itself by arguing that its insurance policy did not cover the switching of the baby twins by the University Hospital. During trial, Corporación presented no fact witnesses or expert witnesses regarding the alleged negligence of the hospital or the emotional damages claimed by plaintiff, and no witnesses in support of any of its affirmative defenses, with the exception of the insurance coverage issue.[3]

At the close of the evidence, the Court found that plaintiff met the three requisites of the doctrine of *res ipsa loquitur*, and directed the verdict for the plaintiff. The Court inferred that the hospital was negligent because, first, the switching of the babies could not have occurred without the negligence on someone's part. Second, the instrumentalities of the accident, i.e., the babies, were under the exclusive control of University Hospital. Third, there was no negligence on the part of the plaintiff. *See Sociedad v. Presbyterian*, 88 D.P.R. 391 (1963). *See also Ramos v. Autoridad*, 86 D.P.R. 63 (1962).

While there was ample evidence to show that plaintiff suffered due to the switch and the loss of the twin he thought was his granddaughter, the issue of whether $800,-000.00 can legally be assigned to the plaintiff's injury is addressed in the motion for new trial.[4]

## II. New Trial

■ While a jury is often accorded broad discretion in setting damage awards, damages must be reasonable, based on the evidence, and should not be excessive. *Alvarado Avilés*, 601 F.Supp. at 32. Unlike a motion for j.n.o.v., when deciding a motion for new trial, the judge is free to weigh the evidence for himself. 11 Wright and Miller, *Fed. Practice and Procedure*, sec. 2806. After careful review of the evidence of de León's non-economic damage, the Court finds that the $800,000.00 award is excessive and not supported by the evidence.[5]

■ At trial, the plaintiff showed that for two years he and his family were unaware that one of the twins had been mixed up. When the switch was discovered, the plaintiff experienced emotional distress in giving up the twin to whom he had become attached. The plaintiff relied on the testimony of his son and daughter-in-law, the twin's parents, to show that their emotional and mental suffering in giving up a daughter they thought was theirs, also affected plaintiff.

Without intending to discount the valid emotional injury that plaintiff as a grandfather experienced in discovering that the granddaughter he thought was his belonged to another family, this Court must evaluate the tangible evidence—or lack of tangible evidence—before it in an objective and dispassionate manner. The record shows that the plaintiff has never lived in Puerto Rico with the twins, but rather visit-

---

**3.** Before trial, two insurance carriers, Corporación, the University Hospital's medical malpractice insurance carrier, and Universal, the hospital's general liability insurance carrier were defendants. They had both moved for summary judgment asserting that their respective policies did not cover the switching of the twins. This Court left the motions pending until more facts were developed on the record at trial. During trial, the Court ruled that the switching of the twins was a "medical incident" covered by the medical malpractice policy of Corporación. Universal Insurance Company was dismissed, leaving only Corporación as a defendant. Corporación does not contest the Court's ruling regarding coverage.

**4.** Because the judgment amount we find to be supported by the evidence exceeds the jurisdic-

tional amount in controversy, the defendant's jurisdictional challenge in the motion for j.n.o.v fails.

**5.** We note that the standard has been stated in various terms, requiring that the verdict be against the "clear weight" or "overwhelming weight" or the "great weight" of the evidence. *See Ríos v. Empresas Líneas Marítimas Argentinas*, 575 F.2d 986, n. 5 (1st Cir 1978). Recently the standard was stated to require the verdict to not "violate the conscience of the court or strike such a dissonant chord that justice would be denied were the judgment permitted to stand." *Milone v. Moceria Family, Inc.*, 847 F.2d 35, 37 (1st Cir.1988).

ed them no more than twice a month. While the plaintiff had become attached to the twins during his two years of visits, the Court takes into account that the plaintiff still has the opportunity to visit and grow to love the one twin he had grown to love and her natural sister who now resides with his son and daughter-in-law. The plaintiff has not forever lost the love and affection and experience of having twin granddaughters.

Furthermore, the plaintiff presented no evidence of any economic loss, neither past, present, nor future, due to the switching of the twins. There was no expert testimony presented concerning plaintiff's past, present or future psychological damages. There was no evidence of any temporary or permanent physical or mental impairment. The plaintiff did not give to the jury any evidence of a loss of earnings or services. He presented no evidence of an inability to perform and function and live his life in the future as he always had.

Therefore, the jury was left the difficult task of assigning a monetary figure to the elusive concept of the plaintiff's emotional distress surrounding the discovery of the mix-up. This Court carefully instructed the jury that it must consider only evidence of the injury peculiar to the grandfather, and not to the family members who testified. The entire family would also have their day in court.[6]

■ While the jury was instructed to remain objective, the verdict figure clearly represents an overimpassioned evaluation of the evidence. The $800,000.00 approximates a punitive damages award which is impermissible in a trial of this nature. A jury award which "strike[s] such a dissonant chord that justice would be denied," should not be allowed to stand. *Milone,* 847 F.2d at 37.

In light of the above, and after careful consideration of the trial record and similar damage awards, this Court considers $110,-000.00 to be a reasonable and fair assessment of the plaintiff's damages based on the evidence.[7]

## III. Eleventh Amendment

Corporación's "eleventh hour" motion to dismiss on the basis of Eleventh Amendment sovereign immunity is meritless.

■ The plaintiff was careful not to name the University Hospital as a defendant, but rather chose to name the insurance companies which cover the hospital. Under Puerto Rico law, a plaintiff has the option to have a distinct and separate direct action against either the insurance company *or* the insured. 26 L.P.R.A. sec. 2003; *Garcia v. Northern Assurance Co.,* 92 P.R.R. 326 (1965). Moreover, an insurer becomes *absolutely* liable for the damage of the insured, regardless of any payment or judgment against the insured. 26 L.P.R.A. sec. 2001. Plaintiff was free to sue only Corporación, as insurer of the hospital, for all damages caused by the negligence of the hospital and covered under the insurance policy.[8]

---

**6.** This Court has taken judicial notice that the twins' parents have filed claims in the Commonwealth courts seeking compensatory relief for *their own mental anguish and suffering* on account of the facts of this case.

**7.** We arrive at this figure keeping in mind that the jury, had it based its verdict strictly on the evidence before it, would be "free to run the gamut of euphorious notes—to harmonize the verdict at the highest or lowest points for which there is a sound evidentiary predicate ...". *Milone,* 847 F.2d at 37.

**8.** Defendant's argument that an award in this case may detract from the award that University Hospital would be able to compensate other affected plaintiffs in Commonwealth courts, or

that any award in this case will cause the University Hospital to pay higher insurance premiums, does not convert this case into an action in damages against the state. We do not base jurisdictional determinations on speculations of what *may* occur in other cases or courts. We base our findings only on the facts before us in the case or controversy before us.

Furthermore, defendant cannot seriously suggest that because the University Hospital will pay higher premiums under its insurance policy, then the hospital may not be sued for malpractice. Such a rule would immunize hospitals and other government agencies—and their insurance companies—merely because there is an insurance policy. Corporación cannot claim that because they insure the medical malpractice of the hospital, they cannot be required to

## IV. Attorneys Fees

Plaintiff has applied for attorney fees, and prejudgment interest under Puerto Rico law. Corporación has opposed the motion.

■ Under Puerto Rico law, a defendant who was obstinate and stubbornly litigious in the defense of his case will be liable for reasonable attorneys fees and prejudgment interest. P.R. Rules Civ.Proc. 44.1(d); 44.-3, 32 L.P.R.A. App. III. It is within the sound discretion of the trial judge, considering the facts peculiar to the case before him, to determine if the defendant was obstinate under the rules. *Reyes v. Banco Santander de P.R.*, 583 F.Supp. 1444, 1445 (D.P.R.1984); *Ferrer Delgado v. Sylvia de Jesús*, 440 F.Supp. 979, 982 (D.P.R.1976).

■ After careful review of the record of this case, we find that Corporación was stubbornly litigious in the defense of its case and caused plaintiff "unnecessary inconveniences and expenses." *Reyes*, 583 F.Supp. at 1445.

Corporación's "unreasonable pertinaciousness" is evident from the procedural history of the case borne by the record. *Reyes*, 583 F.Supp. at 1446. The plaintiff filed his action on April 29, 1988. Corporación was served with the summons and complaint on May 5, 1988, but did not respond in the time required under the Federal Rules of Civil Procedure. This Court entered default on July 15, 1988. The entry of default spurred Corporación to file a late answer requesting default be set aside. The Court set aside the default on July 28, 1988.

Discovery commenced and plaintiff submitted a first set of interrogatories on December 8, 1988. Over the course of ten months, the plaintiff placed numerous phone calls, requests for conferences under Local Rule 311.11, two motions to compel discovery and request for sanctions. This Court issued two orders compelling Corporación to respond, the last one threatening sanctions. Finally, Corporación answered the first set of interrogatories in October, 1989.

In addition to Corporación's delay and stubbornness in pleading and discovery, it caused the most inconvenience and waste of judicial resources by its temerity regarding settlement. On November 7, 1989 this Court issued a settlement order whereby plaintiff was to submit a settlement offer by December 1, 1989, and Corporación was to respond in writing by December 20, 1989. Plaintiff complied with said order by offering $100,000.00. Corporación did not respond in violation of the Court's order. On January 2, 1990 plaintiff again made his offer and on January 9, 1990 Corporación rejected, but did not counter, this offer. (*See* Plaintiff's Exhibit E). At the first settlement conference on January 12, 1990, the plaintiff again stated his offer of $100,-000.00, and Corporación countered with $20,000.00 from which it refused to budge. The result was a full-blown trial, and a $800,000.00 verdict against Corporación.

This inordinate miscalculation and insistence on the part of Corporación cannot go unnoticed by this Court. The record shows Corporación's stubbornness in negotiating settlement and delays in pleading and discovery. Corporación's temerity is most obvious in its choice to defend only on the grounds of policy coverage, while the plaintiff was forced to present his entire case at trial with all the inherent expense and enervation of judicial resources. Corporación's actions leave this Court no choice but to find it was obstinate under P.R.Civ.P.R. 44.1(d), 44.3(b). *See Asociación de Condómines Borinquen Towers II v. Trelles*, 88 J.T.S. 25, (March 7, 1988); *Fernández Mariño v. San Juan Cement*, 118 D.P.R. 713 (1988).

## V. Conclusion

In conclusion, we find that the evidence presented at trial supports a verdict for the plaintiff and against the defendant Corporación, the insurer of the University Hospital which negligent acts it covers. However, a careful weighing of the evidence of plaintiff's emotional injury does not permit the excessive damage award of $800,000.00

pay for such malpractice. Such sophistry will not prevail in this Court.

to stand. Corporación's post-judgment motion to dismiss for want of jurisdiction under the Eleventh Amendment is without merit. Plaintiff is entitled to attorneys fees and prejudgment interest for Corporación's obstinance and temerity in defending its case.

WHEREFORE, Corporación's motion for j.n.o.v. is hereby denied. The motion for new trial limited to the question of damages is hereby granted, unless the plaintiff file a remittitur, within twenty days of the filing of this order, to reduce the verdict to $110,000.00.

Corporación's motion to dismiss on the basis of the Eleventh Amendment is hereby denied. Plaintiff's request for attorneys fees is hereby granted in the amount of $15,000.00.[9]

In the event plaintiff files a remittitur of $110,000.00, prejudgment interest on said amount is allowed at 12% pursuant to P.R. R.Civ.P. 44.3(b), from April, 29, 1988 until the date of entry of judgment.

This case is referred to the Clerk of the Court for the assessment of costs under 28 U.S.C. sec. 1961.

IT IS SO ORDERED.

---

**9.** In determining this figure, this Court acts as a local court, applying its experience in the local practice of attorneys fee awards. *See Pan* *American World Airways, Inc., v. Ramos,* 357 F.2d 341, 342 (1st Cir.1966).