### In re SAN JUAN DUPONT PLAZA HOTEL FIRE LITIGATION.

### No. MDL–721.

United States District Court,
D. Puerto Rico.

March 18, 1992.

---

Monita Sterling, Liaison, Hato Rey, P.R., for plaintiffs Steering Committee.

Herman W. Colberg, Old San Juan, P.R., for defendant Johnson Controls.

### ORDER NO. 449 IN THE MATTER OF JOHNSON CONTROLS' MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS

ACOSTA, District Judge.

Before the Court are several motions filed by Johnson Controls, Inc. for an Award of Attorneys' Fees Under Puerto Rico Rule 44.1(d) or, in the Alternative, Under Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 (docket No. 15821), filed on October 25, 1990 [1] and Bill of Costs (docket No. 15709), filed on October 9, 1992.[2]

Defendant alleges that the PSC engaged in obstinate conduct to justify the award of attorney fees under Rule 44.1(d) Puerto Rico R.Civ.P. and that such conduct was sufficiently vexatious to support the award of sanctions pursuant to Rule 11 of the Fed.R.Civ.P. and 28 U.S.C. § 1927.

In addition, defendant argues that it is entitled to reimbursement of costs necessarily incurred during its defense pursuant to Rule 54(d) of the Fed.R.Civ.P. and Local Rule 331.

After a review of the submissions, the Court finds the following:

### I. BACKGROUND

Johnson Controls, Inc., a defendant in the Phase II Trial,[3] supplied a Power Per-

---

1. *See* PSC's Opposition ... (docket No. 15917), filed on November 16, 1990; Johnson Controls, Inc.'s Reply ... (docket No. 16031), filed on December 7, 1990. PSC's Motion Regarding Extension of Time to File Answer ... (docket No. 15894), filed on November 13, 1990, is hereby GRANTED.

2. *See* PSC's Opposition ... (docket No. 16816), filed on May 28, 1991; Johnson Controls, Inc.'s

Response ... (docket No. 16883), filed on June 4, 1991. *Also see* Johnson Controls, Inc.'s Informative Motion ... (docket No. 17711), filed on July 30, 1991.

3. During Phase II Trial, claims were pursued by the plaintiffs against the Hotel's service and product suppliers, manufacturers and distributors.

fect 5000 energy management system to the San Juan Dupont Plaza Hotel (Hotel) during 1981. According to defendant's motion, the system was in fact a computer which was designed to assist in the management of the Hotel's ventilation and air conditioning units by turning the equipment on and off according to a pre-set schedule. The PSC alleged that Johnson Controls was liable under the theories of negligence and/or strict liability.[4] All claims against Johnson Controls were dismissed pursuant to Rule 50 motions filed at the completion of the plaintiffs' case-in-chief.[5]

## II. ATTORNEYS' FEES

### Rule 44.1(d) of the Puerto Rico R.Civ.P.; Rule 11 of the Fed.R.Civ.P.; and, 28 U.S.C. § 1927

■ The determination of whether a party was obstinate lies within the sound discretion of the Court and is dependent upon the particular facts of each case. *de León López v. Corporación Insular de Seguros*, 742 F.Supp. 44, 48 (D.P.R.1990), *aff'd on other grounds*, 931 F.2d 116 (1st Cir.1991); *Reyes v. Banco Santander De P.R., N.A.*, 583 F.Supp. 1444, 1445 (D.P.R. 1984). A finding of obstinacy leading to the award of attorney fees pursuant to Rule 44.1(d)[6] is not considered an entitlement to the prevailing party but a penalty to those parties whose litigation practices result in "unreasonable pertinaciousness."

*Reyes*, 583 F.Supp. at 1446. Obstinacy is defined as:

> ... an attitude which casts its shadow over the proceeding and which affects the sound operation and administration of justice. It also subjects the innocent litigant to the ordeal of the judicial process and unnecessary costs, and to retainment of professional services, including attorneys, with the usually exorbitant burden to his pocket.

*Fernández Marino v. San Juan Cement Co.*, 118 D.P.R. 713, 718 (1987), *citing*, H. Sánchez, *Rebelde Sin Costas*, IV–2 Boletín Judicial 14. Likewise, the purpose of Rule 11[7] is to discourage "dilatory and abusive litigation and to streamline the litigation process by lessening frivolous claims ..." *Cruz v. Savage*, 896 F.2d 626, 630 (1st Cir.1990). This provision requires that an attorney takes care to ensure that prior to pursuing a claim, it is well-grounded in law and fact. In order to determine whether an attorney is in compliance with Rule 11, the Court shall apply an objective standard of reasonableness under the circumstances. *Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d 600, 604–05 (1st Cir.1988); *Kale v. Combined Ins. Co. of America*, 861 F.2d 746, 756–57 (1st Cir.1988). The First Circuit has cautioned against using hindsight; the Court should view and evaluate an attorney's conduct on the basis of what was reasonable at the time of the behavior in question. *Cruz*, 896 F.2d at 631.

■ Attorney's actions considered "unreasonable and vexatious" so as to multiply

---

4. *See* Revised Master Complaint (docket No. 736), filed on December 3, 1987, p. 93. *See also* Pretrial Memorandum for Phase II Trial (docket No. 11658), filed on June 26, 1989, pp. 1049–1054.

5. *See* Amended Order No. 242 (docket No. 14575), filed on May 11, 1990, p. 7.

6. Title 32 L.P.R.A. App. III Rule 44.1(d) reads:

   Where a party has been obstinate, the court shall in its judgment impose on such person the payment of a sum for attorneys' fees.

7. Rule 11 provides:

   The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper;

that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as the harass or to cause unnecessary delay or needless increase in the cost of litigation ... If a pleading, motion or other paper is signed in violation of this rule, the court upon motion or upon its own initiative shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties in the amount of reasonable expenses incurred because of filing of the pleading, motion, or other paper, including a reasonable attorney's fees.

the proceedings are sanctionable under 28 U.S.C. § 1927.[8] While a finding of bad faith always supports sanctions pursuant to § 1927, it is not necessary that subjective bad faith be found prior to the imposition of sanctions, i.e. that the harassing and annoying conduct was intended. On the other hand, sanctionable vexatious behavior requires that the conduct be more severe than mere negligence, inadvertence or incompetence. *Cruz*, 896 F.2d at 631–32.

## DISCUSSION

■ Johnson Controls alleges that the PSC pursued claims against them which were not supported by fact or law and which resulted in years of expensive litigation amounting to harassment and multiplication of proceedings. Defendant contends that the PSC knew or should have known that their claims were baseless and, that rather than voluntarily dismissing them, the PSC chose to aggressively pursue settlement which, according to defendants, amounted to "extortion."[9] Although the Court found that the evidence presented at trial was not sufficient to support a finding of liability by the jury and consequently, dismissed the action pursuant to Rule 50, the Court does not find that the PSC's conduct in pursuing its claim was entirely baseless or attributable to bad faith and, therefore, deserving of an imposition of sanctions.

Significant facts were developed to support plaintiffs' contentions. The PSC had grouped this defendant with other HVAC defendants which included various product manufacturers and distributors whose products were comprised of the Hotel's air handling unit. The evidence supported that the design of the HVAC unit was instrumental in the spread of smoke and toxic gases throughout the Hotel during the fire thereby causing injuries to the Hotel guests.[10]

In addition, plaintiffs presented a rebuttal witness who testified that the product sold to the Hotel by defendant was adaptable as a "fire management" system;[11] that defendants were contracted to train Hotel employees as well as start-up of the system;[12] and, although the Hotel personnel were responsible for the actual installation of the computer, each hook-up site was reviewed by Johnson Controls personnel.[13]

Furthermore, the PSC was not aware that the Court was going to preclude the testimony of expert witness, J. Brooks Semple, as it related to Johnson Controls until plaintiffs put on their case against Johnson Controls.[14]

In addition, it is important not to lose sight of the fact that this litigation involved numerous parties defending claims arising from the performance of myriad products. The interrelatedness of the products involved in this disaster and the complex legal theories pursued did not allow for as simplistic an approach to the evidence and application of the facts as is possible in an action involving few parties. Although in hindsight, the PSC was not able to make a prima facie showing on the theories pursued against Johnson Controls, it is clear

8. 28 U.S.C. § 1927 reads:
   Any attorney or person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

9. Defendant's Motion ... p. 13.

10. *See e.g.,* the testimony of Wilfredo Vargas Morales (Trial Transcript at pp. 2535–6); Rafael Colón Martínez (Trial Transcript at pp. 3133–3, 3138); and, Carol Barber (Trial Transcript pp. 10201, 10308–9).

11. *See* the testimony of Alberto Quadreny (Trial Transcript at pp. 14624, 14641, 14658.

12. *See* the testimony of Carlos Moringlane (Trial Transcript at p. 12776); and, Plaintiffs' Exhibit No. 998.

13. *See* the testimony of Alberto Quadreny (Trial Transcript at pp. 14619–10) and Carlos Moringlane (Trial Transcript at pp. 12763 & 12768; and Plaintiffs' Exhibit No. 998.

14. *See* Trial Transcript at p. 12674.

that the PSC's pursuit of claims against Johnson Controls was not, as defined above, vexatious and frivolous within the particular circumstances of this litigation.

## III. BILL OF COSTS

### Rule 54(d) of the Fed.R.Civ.P.

■ The costs incurred by the prevailing party may be reimbursed by opposing counsel in accordance with the provisions of Rule 54(d) [15] of the Fed.R.Civ.P. This rule provides that the award of costs to the prevailing party is not obligatory but within the discretionary power of the Court. Decisions shall be based upon the facts and equities of each case. 10 Charles Alan Wright et al., *Federal Practice and Procedure*, Civil 2d § 2668 (1983).

■ The award of costs shall be carefully tailored to those items delineated in 28 U.S.C. § 1920 [16] as allowable. *Rodríguez–García v. Dávila*, 904 F.2d 90, 100 (1st Cir.1990). Furthermore, although allowing costs is within the discretion of the court, this discretion "should be sparingly exercised with reference to expenses not specifically allowed by statute." *Farmer v. Arabian American Oil Co.*, 379 U.S.

227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964).

## DISCUSSION

■ Defendant submits costs in the amount of $49,235.03 which includes: [17] $38,000 for several court-ordered assessments; [18] $4,461.53 for photocopying charges; $5,606.81 for electronic legal research billing; and, $1,166.69 for postage costs. In accordance with the standards set forth above, the Court finds that several items shall not be considered allowable costs.

Specifically, the Court finds no authority for the inclusion of assessments as an allowable cost to be paid to the prevailing party. In this litigation, assessments were primarily used for the operational costs [19] of the Joint Document Depository and the Defendants' Liaison Office. [20] These general litigation expenses are not identified as taxable pursuant to the 28 U.S.C. § 1920. 6 James Wm. Moore et al., *Moore's Federal Practice* ¶ 54.77[8] (2d ed. 1986).

■ Charges for photocopying are allowed under the provisions of 28 U.S.C. § 1920(4) but with the proviso that the items photocopied were "necessarily obtained for use in the case ..." rather than

**15.** Rule 54(d) reads in pertinent part:
Except where express provision therefor is made either by statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs ...

**16.** 28 U.S.C. § 1920 states:
A judge or clerk of any clerk of the United States may tax as costs the following:
  (1) Fees of the clerk and marshal;
  (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
  (3) Fees and disbursements for printing and witnesses;
  (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
  (5) Docket fees under section 1923 of this title;
  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**17.** The Court agrees that the PSC was late in filing their objections to these costs, however, as defendant correctly states, the local rule provides that "[a]bsent any objection, any item listed in the costs bill *may be taxed.*" (emphasis added) Local Rule 331.3.

**18.** *See* Pretrial Order Nos. 48 (docket No. 1169); 67 (docket No. 2000); 104 (docket No. 4356); 135 (docket No. 7624); and, 212 (docket No. 12069).

**19.** The operational costs for these offices include general overhead expenses such as rent, telephone, salaries, utilities, etc.

**20.** Although the Court initially indicated that a portion of the assessments was to be used for the construction of a new courtroom facility as alleged by defendants, this idea was abandoned and arrangements were made for the Administrative Offices of the Courts to provide funding for this construction. Consequently, all the funds received for assessments were used for the operational costs of the Joint Document Depository and the Defendants' Liaison Office.

for the convenience of counsel.[21] The First Circuit has broadened its interpretation of this provision to include photocopying costs incurred which were "reasonably necessary to the maintenance of the action." *Rodríguez-García*, 904 F.2d at 100.[22] Although it is clear that there are instances where photocopying charges are properly taxable, defendant has failed to provide sufficient detail of this cost in its filing for a factual determination to be made, thereby, warranting an outright denial of reimbursement for these costs.

■■■ Furthermore, the court finds that electronic research charges are not allowable costs. Electronic research charges are properly reflected as part of the law firm's overhead and, as such, are a factor to be included in the setting of attorneys fees as opposed to ordinary costs. 6 James Wm. Moore et al., *Moore's Federal Practice* ¶ 54.77[8] (2d ed. 1986).

■■■ Finally, postage expenses are not specifically listed as an allowable cost under 28 U.S.C. § 1920. Postage charges are considered as "incidental to trial ... or ... in preparation for it" and not " 'necessarily' incurred 'for use in the case' for purposes of Section 1920 ..." 10 A Charles Alan Wright et al., *Federal Practice and Procedure*, Civil 2d § 2677 (1983).

### IV. CONCLUSION

Accordingly, in light of the discussion above, defendant's motions for the attorneys' fees pursuant to Rule 44.1(d), Rule 11 and 28 U.S.C. § 1927 (docket No. 15821), filed on October 25, 1990 and for costs pursuant to Rule 54(d) (docket No. 15709), filed on October 9, 1990 are hereby DENIED.

The Clerk shall serve copy of this Order upon the PSC and the Joint Document Depository. The Joint Document Depository shall serve a copy of this Order via facsimile to counsel for Johnson Controls: Louis A. Lehr, Jr., Esq., Arnstein & Lehr, 120 South Riverside Plaza, Suite 1200, Chicago, Illinois 60606, Telephone (312) 876–7100 (Fax No. (312) 876–0288); and Herman W. Colberg, Esq., New York Department Store Building, PH–1 Fortaleza Street, P.O. Box 3112, Old San Juan, Puerto Rico 00902, Telephone No. (809) 724–8159 (Fax No. (809) 722–3138), on this day, and upon completion shall file a Certificate of Service.

IT IS SO ORDERED.

---

**21.** All materials generated throughout discovery and trial were housed at the Joint Document Depository and available for review and use by parties throughout the litigation.

**22.** For a thorough review of the various tests applied, *see Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553, 573–575.