Leticia **MELENDEZ–BENITEZ**, Plaintiff and Counter– Defendant

v.

**UNITED STATES of America, et al.,** Defendants and Counter– Claimants.

United States of America, Third–Party Plaintiff

v.

Franco I. Melendez–Benitez, Third–Party Defendant.

Civil No. 05–1860 (JP).

United States District Court, D. Puerto Rico.

July 5, 2007.

Eric Pérez–Ochoa, Esq., Rafael H. Zapata–Yordán, Esq., Adsuar Muñiz Goyco Seda & Pérez–Ochoa, PSC, San Juan, PR, for Plaintiff.

Charles H. Keen, Esq., U.S. Department of Justice, Washington, DC, for Defendants.

## OPINION AND ORDER

PIERAS, Senior District Judge.

The Court has before it Plaintiff Leticia Meléndez–Benítez's Bill of Costs and memorandum in support thereof (**No. 52**), Defendant United States of America's opposition thereto (No. 53), Plaintiff's reply (No. 56), and Defendants' sur-reply (No. 59). For the following reasons, the Court hereby **GRANTS IN PART AND DE-NIES IN PART** Plaintiff's Bill of Costs.

## I. BACKGROUND

Plaintiff Meléndez–Benítez brought the above-captioned suit challenging a penalty charged against her by the Internal Revenue Service ("IRS") as a result of a tax debt incurred by her brother's corporation. Plaintiff's brother organized and operated several corporations in the construction industry. Plaintiff was named secretary of the corporations, but the President and sole shareholder was her brother. Plaintiff was an administrative assistant, and performed clerical duties only. In 2001 and 2002, the corporations faced financial difficulties and had unpaid employment taxes. On various occasions Plaintiff Meléndez–Benítez reminded her brother, the only officer of the corporations with authority to pay the debts of the corporations, of the outstanding tax liabilities. He decided to default on the tax liabilities in order to meet the corporations' payment obligations under loans that financed the construction equipment, in order to keep the businesses running.

The IRS assessed civil penalties totaling $351,640.18 for the unpaid taxes against the corporations, and commenced collection efforts. In December 2002, the corporations filed for Chapter 11 bankruptcy. The petitions were later consolidated and converted into a Chapter 7 bankruptcy petition. The IRS determined that Plaintiff's brother was personally liable for the corporations' failure to pay the taxes, and charged a trust fund recovery penalty to him. Later, the IRS did the same to Plaintiff Meléndez–Benítez. Plaintiff paid a portion of the assessment, and then filed a request for a refund and abatement. Her request was denied. She then sought declaratory judgment from this Court that she was not personally liable for taxes that the corporations failed to pay, a refund for the portion she paid, and an award of administrative and litigation costs.

On August 9, 2006, the Court granted Plaintiff Meléndez–Benítez' s motion for summary judgment (No. 46), and entered a Declaratory Judgment (No. 45) holding that Plaintiff was not a "responsible person" within the meaning of 26 U.S.C. Section 6672, and therefore was not liable for the tax debts of the debtor corporations. The Court further ordered Defendant to refund all penalties assessed against her and to cancel all liens on her property. The Court also awarded Plaintiff Meléndez–Benítez all reasonable costs.

On August 30, 2006, Plaintiff filed a Bill of Costs and memorandum in support (No. 47). On October 10, 2006, Defendants filed a Notice of Appeal (No. 48), and on November 13, 2006, the Clerk of the Court denied without prejudice Plaintiff's Bill of Costs as premature (No. 50). On December 8, 2006, the Court of Appeals issued its Mandate in which it stated: "upon consideration of the parties' stipulation, it is hereby ordered that this appeal be voluntarily dismissed pursuant to Fed. R.App. P. 42(b) with each party bearing its own costs." (No. 51).

## II. *LITIGATION COSTS AND FEES*

■ Rule 54(d)(1) of the Federal Rules of Civil Procedure states that costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. A judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; and (5) docket fees; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920.

Plaintiff Meléndez–Benítez sets forth the following costs in her Bill of Costs and memorandum in support thereof (No. 52):(a) $350.00 to pay the filing fee of the case at bar; (b) $1,711.98 to pay for costs of transcripts of depositions that were taken and used as support documents of a motion for summary judgment that was filed in the case at bar; (c) $1,114.00 to pay for service of process of summons and subpoenas to Internal Revenue Service officers; (d) $873.12 to pay for copies of documents that were to be used in the case at bar, and that were in fact used as support documents of a motion for summary judgment that was filed in the case at bar; (e) $7,384.00 to pay for interpreters to necessary translate documents used and depositions taken in the case at bar, which were used as support documents of a motion for summary judgment that was filed in the case at bar. These costs, which are within the criteria for that which can be claimed under 28 U.S.C. Section 1920, total $11,433.10.

Defendants do not dispute that Plaintiff is the prevailing party. Rather, Defendants argue that Plaintiff is not entitled to costs because she did not itemize the costs incurred in the litigation and did not establish that all incurred costs were necessary. Defendants argue that Plaintiff also did not provide documentation in support of the alleged expenses incurred. Defendants further argue that the claim for costs is time barred since the Court of Appeals' mandate was issued November 30, 2006, and the current Bill of Costs was not filed until April 26, 2007, despite Local Rule 54(b) which provides that bills of costs are to be filed within thirty days of entry of judgment.

Plaintiff in turn argues that she itemized her costs to the extent that she filled out

the Bill of Costs as provided by the United States District Court for the District of Puerto Rico, which sets forth various charges and a space for the prevailing part to insert the costs for the charges. She further argues that all of said costs were necessarily incurred in an effort to prove her claim and in preparation for trial. As to Defendants' timeliness argument, Plaintiff explains that notice of the dismissal of the appeal was never sent to Plaintiff due to an error in Plaintiff's address which was on record with the Court of Appeals for the First Circuit. Plaintiff refers this Court to the docket report of that Court in support of her argument. Plaintiff argues that therefore she never had notice of entry of final judgment.

 The Court may exercise discretion when awarding the prevailing party costs and reimbursement of expenses. *See In re: Fidelity/Micron Securities Litigation,* 167 F.3d 735, 736 (1st Cir.1999); *In re Thirteen Appeals San Juan Dupont Plaza Hotel Fire Litigation,* 56 F.3d 295, 309 (1st Cir.1995). The Court will consider the facts and equities on a case-by-case basis. *In re San Juan Dupont Plaza Hotel Fire Litigation,* 142 F.R.D. 41, 46 (D.P.R.1992). The Supreme Court has acknowledged that excusable neglect is a fairly flexible concept that encompasses inadvertence, mistake, carelessness, as well as intervening circumstances beyond the party's control. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The First Circuit set forth examples of "excusable neglect" as follows: where the default was caused by lack of notice, illness, death, withdrawal of counsel, misunderstandings between multiple defendants, problems due to an out-of-state defendant and, in limited circumstances, honest mistake. *United States v. $ 23,000 in United States Currency,* 356 F.3d 157, 165 n. 8 (1st Cir.2004). In the present case, Plaintiff has shown that her address was incorrectly listed with the Court of Appeals, and as a result she was not timely informed of the issuance of that Court's Mandate dismissing the appeal. The Court holds that submission of Plaintiff's Bill of Costs is not untimely because Plaintiff has shown good cause and excusable neglect as to why Plaintiff never received notice of the appeal's dismissal.

 Notwithstanding timeliness, Plaintiff's Bill of Costs must be dismissed because Plaintiff filed no itemization or documentation for her requested costs. Unverified expenses and costs may be rejected out of hand. *See In re: Fidelity,* 167 F.3d at 738; *Weinberger v. Great N. Nekoosa Corp.,* 925 F.2d 518, 527 (1st Cir. 1991). Plaintiff filled out and submitted a Bill of Costs which Plaintiff obtained from the Clerk's Office. On that Bill of Costs, the following directions are clearly stated: "SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories." Bill of Costs, U.S. Dist. Ct. for the Dist. of P.R., AO 133 (Rev.9/89). Despite this instruction, Plaintiff attached no receipts or similar documentation for the stated costs. Further, Plaintiff did not provide an itemize larger costs, such as deposition costs, copies of documents costs, and interpreter costs. Due to Plaintiff's failure to adhere to this requirement, the Court cannot grant costs to Plaintiff apart from the cost of the filing fee, $350.00, as the receipt for this fee is stamped as paid on the first page of Plaintiff's Complaint. Accordingly, Plaintiff's Bill of Costs **(No. 52)** is **GRANTED IN PART AND DENIED IN PART,** and Defendants are **ORDERED** to pay to Plaintiff the $350.00 filing fee.

**IT IS SO ORDERED.**