**Ramón FERRER DELGADO, Plaintiff,**

v.

**Blanca SYLVIA de JESUS, Defendant.**

**Civ. No. 76–1030.**

United States District Court,
D. Puerto Rico.

Nov. 5, 1976.

Víctor M. Brignoni, Río Piedras, P. R., for plaintiff.

Harvey B. Nachman, Santurce, P. R., for defendant.

## OPINION AND JUDGMENT

PESQUERA, District Judge.

The defendant has moved to dismiss this complaint under the provisions of Rules 12(b)(1) and (6), and Rule 12(h)(3) of the Federal Rules of Civil Procedure. Defendant has requested oral argument and plaintiff has moved to amend his complaint. For reasons that appear below, both the motion to amend the complaint and the request for oral argument are denied.

The complaint, given its most liberal reading, alleges that the plaintiff herein, Ramón Ferrer Delgado, filed a complaint (CS 71-247) in the Superior Court of the Commonwealth of Puerto Rico, Arecibo Part, against the defendant herein; that the defendant filed a counterclaim; that the Court, after a hearing entered judgment for the defendant-counterclaimant; that the plaintiff petitioned review of the judgment to the Supreme Court of Puerto Rico, which was denied.

The complaint also alleges that neither plaintiff, his wife, nor the community property were personally served with the counterclaim, and that this deprived them of their property without due process of law.

It is also alleged that the judgment of the Superior Court was based on an erroneous premise which also meant that that court was without jurisdiction and that also is a deprivation of property without due process of law.

This Court's jurisdiction is invoked under the Fifth, Seventh, Eighth, Ninth and Fourteenth Amendments to the Constitution of the United States, the Civil Rights Acts of 1870 and 1871 (42 U.S.C. §§ 1981, 1983), the Declaratory Judgment statute (28 U.S.C. § 2201), the three-judge court statute to enjoin a state statute (28 U.S.C. § 2281), and the federal question statute (28 U.S.C. § 1331).

Plaintiff seeks a judgment which would vacate the judgment entered on behalf of the defendant by the courts of the Commonwealth of Puerto Rico, enjoin the Commonwealth from enforcing the judgment, and which would award him $125,000.00 in damages.

█ The anti-injunction statute, 28 U.S.C. § 2283, provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

█ This statute may not be enlarged by loose statutory construction. As the Supreme Court said in *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970) at page 287 of the official report:

"Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court."

Most of the modern authorities are reviewed in *International Association of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125 (5 Cir. 1975), and little would be gained by further review. Suffice it to say that the facts in this case merit less consid-

eration than most reported cases for here there never was concurrent jurisdiction over the underlying controversy.

 The Court is aware that there are certain exceptions in civil rights cases to the federal anti-injunction statute 28 U.S.C. § 2283. These exceptions are discussed by the Supreme Court in *Mitchum v. Foster*, 407 U.S. 225, 231–243, 92 S.Ct. 2151, 2156–2162, 32 L.Ed.2d 705 (1972), and actions brought under 42 U.S.C. § 1983 are legitimate exceptions, unless the state proceedings are criminal in nature, *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its companion cases, or, where the state administrative proceedings were already begun and were similar to criminal proceedings, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

Although the complaint herein alleges a Civil Rights Act case, it is fatally defective. No conspiracy under 42 U.S.C. § 1981 is alleged, and no state official is a defendant, a prerequisite for action under 42 U.S.C. § 1983. The only state officials who could be joined are judges who are immune in the performance of their judicial functions, or marshals who would be also immune in following judicial orders.

Federal district judges have no power to issue declaratory judgments in cases over which they have no jurisdiction, and despite the allegation of jurisdiction under 28 U.S.C. § 2281, no statute of the Commonwealth of Puerto Rico is challenged or being repugnant to the federal constitution.

The complaint must, therefore, be dismissed with prejudice. There remains the problem of sanctions requested by the defendant under both local and federal law. Under Puerto Rican law [1], an "obstinate" party is liable to the prevailing party for the latter's reasonable attorney's fees. Obstinacy is a concept that implies a misuse of legal procedures to foment or delay litigation and by so doing, to frustrate the payment of an uncontested obligation or to make a claim on a frivolous basis. This is such a suit. The plaintiff herein has been litigating with defendant for five years and after a judgment against him that he has appealed to the highest court of the Commonwealth, he has the audacity to ask this Court to ignore the decision of judges of competent jurisdiction. This is the classic example of obstinacy. Defendant has had to retain counsel to defend. The Court finds that reasonable attorney's fees are $300.00.

The federal claim for sanctions arises under Rule 11 of the Federal Rules of Civil Procedure: Lawyers have a responsibility before subscribing their names to complaints, to ascertain that a reasonable basis exists for the allegations for jurisdiction and for the relief requested. This suit is frivolous and there was not the slightest basis for its assertion. *Miller v. Schweickart*, 413 F.Supp. 1059 (S.D.N.Y.1976).

Moreover, under local Rules of Court, a brief or memorandum is required with every motion. The defendant's counsel filed his brief along with the motion to dismiss. The only reply from plaintiff's counsel was a motion to amend the complaint. No amended complaint was filed and sixty days were requested to procure translations from the Supreme Court of Puerto Rico. Defendant opposed and pointed out that documents were not required on the motion or for an amended complaint. This opposition received an unintelligible reply.

Due deliberation having been had thereon, it is now

ORDERED, ADJUDGED and DECREED that the complaint herein be, and hereby is, dismissed with prejudice; and it is further

ORDERED, that defendant be, and hereby is, awarded attorney's fees in the amount of $300.00 to be paid by plaintiff.

---

1. 32 LPRA, App. II, Rules of Civil Procedure of the Commonwealth of Puerto Rico, Rule 44.-4(d).