Ramon Guzman **REYES**, and his wife Miriam M. Grullon; **Garaje Hispano C. Por A.**, Plaintiffs,

v.

**BANCO SANTANDER DE P.R., N.A.**, Defendant.

Civ. No. 82–1288 HL.

United States District Court,
D. Puerto Rico.

April 9, 1984.

Edwin Quiñones, San Juan, P.R., Francisco López Romo, Old San Juan, P.R., for plaintiffs.

Sara E. de Jesús Kellogg, Brown, Newsom & Cordova, San Juan, P.R., for Banco de Santander.

### OPINION AND ORDER

LAFFITTE, District Judge.

Following a jury verdict for plaintiffs in the sum of $400,000, plaintiffs applied for attorneys fees, costs, and prejudgment interest. The Laws of Puerto Rico provide for such costs and interest in some circumstances. Rule 44.1(d), 32 LPRA, App. III, R. 44.1(d), provides:

"Where a party has been obstinate, the court shall in its judgment impose on such person the payment of a sum for attorneys fees."

Rule 44.3, 32 LPRA, App. III, R. 44.3, provides in its pertinent part as follows:

"... the court may impose on an obstinate party the payment of legal interest to be computed on the amount of the judgment from the time the cause of action accrues in actions of debts, and in actions for damages, from the time the claim is filed until judgment is entered..."

In diversity cases, such as the case at bar, this rule has been recognized as a matter of substantive right. *Pan American World Airways, Inc. v. Ramos*, 357 F.2d 341, 342 (1st Cir.1966).

In *Playa Santa Marina, Inc. v. Chris-Craft Corp.*, 597 F.2d 1, 6–7 (1st Cir.1979), the Court of Appeals, quoting from *Rivera v. Rederi A/B Nordstjernan*, 456 F.2d 970, 975 (1st Cir.1972), construed the Insular obstinacy rule as follows:

"To impose attorney's fees the court must find that a party was obstinate, that he was stubbornly litigious, prolonging the duration of the suit or causing the plaintiff unnecessary inconvenience and expenses. *Soto v. Lugo*, 70 P.R.R. 416, 419 (1954)."

The question as to whether a losing party has been obstinate lies within the sound discretion of the court, to be exercised upon the facts and circumstances of each particular case. The mere fact that a plaintiff recovers a jury verdict, without more, is not sufficient ground for an award of attorney's fees. *Felix v. Victory Carriers, Inc.*, 342 F.Supp. 1386 (D.P.R.1972). Thus, the winning party is not entitled to a fee award as a matter of law, unless the Court finds that said party was "stubbornly litigious" or that it caused plaintiff "unnecessary inconveniences and expenses." *Playa Santa Marina, supra*, 597 F.2d at 6–7.

In the amended complaint, plaintiffs claimed the sum of $1,600,000 from defendant Banco de Santander de Puerto Rico. At the close of plaintiffs' case, the Court granted defendant's motion for a direct verdict dismissing the action as to plaintiff Garaje Hispano. Therefore, it cannot be said that defendant stubbornly litigated said claim. The Court has also considered that defendant entered into settlement negotiations with the plaintiffs. Defendant

first offered $150,000, and thereafter increased its offer to $215,000, in writing. The settlement negotiations, the Court finds, were engaged in good faith by both plaintiffs and defendant. Since no agreement was reached, the case was tried before a jury.

Defendant went to trial on the basis of defenses of lack of good faith, failure to mitigate damages, and fraud. Although defendant failed to establish plaintiffs' bad faith and involvement in fraudulent activity involving non-parties, it was certainly entitled to try to prove its defenses before the jury.

■ Attorneys for the plaintiffs were indeed competent, well prepared, and tried the case on the proper theory. The fact that the fruit of their labor was highly successful does not mean that defendant was obstinate.[1] The Puerto Rico rule on obstinacy was not designed as a premium to successful litigants, but rather as a penalty to be imposed on those litigants whose conduct in pursuing a course of action borders on unreasonable pertinaciousness. The Court holds that defendant was not obstinate. Therefore, it does not have to reach the prejudgment interest provisions of Rule 44.3(b) of the Puerto Rico Rules of Civil Procedure applicable to obstinate parties.

■ Plaintiffs rely on 28 U.S.C. § 1927[2] as further ground for the imposition of attorneys fees. The proceedings in this case were kept streamlined, simple, and within the normal bounds of litigation. The foregoing conclusion, based on the record and on the observation of the undersigned, who presided at trial, makes 28 U.S.C. § 1927 inapplicable in this case.

Lastly, plaintiffs claim interest from defendants as provided in Section 1656 of Title 10 of L.P.R.A. The referenced Section, which is Article 234 of the Commercial Code, provides in its pertinent part:

*"Interest on delay —*

Debtors who delay the payment of their debts after the same have fallen due, must pay, from the day following that on which it became due, the interest agreed upon in such case, or in the absence of such agreement, the legal interest...."*

Defendant counters with the argument that the question of prejudgment interest is governed solely by Rule 44.3(b) of Puerto Rico Rules of Civil Procedure. However, defendant's obligation to pay interest from an earlier date flows not from Rule 44.3(b), but rather from other substantive provisions of the Commercial and Civil Codes. *Republic Security Corp. v. Puerto Rico Aqueduct, Etc.,* 674 F.2d 952, 958 (1st Cir. 1982).

The facts in this case show that on April 12, 1982, defendant Banco Santander confirmed to plaintiff Guzmán that the amount of $275,000 had been transferred to his account at Banco Santander from Irving Trust Company in New York. Relying on said confirmation, plaintiff issued a $200,-000 check drawn against his account at Banco Santander payable to one Héctor Méndez. On April 15, 1982, Banco Santander dishonored the check when it stopped payment thereon. On April 29, 1982, plaintiff demanded payment of the check from defendant.

■ An examination of Article 234 of the Commercial Code, 10 LPRA 1656, in conjunction with Articles 12, 1053 and 1061[3]

---

1. The Court is also aware that when a sum substantially lower than the amount sought in the complaint is awarded by the jury it does not necessarily show lack of obstinacy of defendant. *Pereira v. IBEC,* 95 P.R.R. 28 (1967).

2. 28 U.S.C. § 1927 reads:

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required to satisfy personally such excess costs."

3. "Section 12. In matters which are the subject of special laws, any deficiency in such laws shall be supplied by the provisions of this title."

"Section 3017. Persons obliged to deliver or to do something are in default from the moment when the creditor demands the fulfillment of their obligation, judicially or extrajudicially.

However, the demand of the creditor, in order that default may exist, shall not be necessary:

1. If the obligation or law declares it expressly.

2. If by reason of its nature and circumstances it may appear that the fixing of the

of the Civil Code, 31 LPRA, Sections 12, 3017 and 3025, respectively, leads to the conclusion that the sum of $200,000 for the dishonored check, bears interest at the rate of 6% from April 29, 1982, until the date of entry of judgment.[4] According to the Civil Code, persons obliged to deliver or to do some act, are in default from the moment the creditor demands the fulfillment of the obligations, judicially or extrajudicially. In this case, the obligation of payment was demanded of defendant on April 29, 1982. The non-payment results in the assessment of legal interest, under Section 3025, in absence of a stipulation to the contrary, because the obligation was one to pay a sum of money. 31 LPRA 3025. Thereafter, the accrual of interest on the entire judgment in this case is governed by 28 USC 1961.

WHEREFORE, plaintiffs' request for attorneys' fees is hereby denied. Interest on the amount of $200,000 at 6% from April 29, 1982 until the date of entry of judgment, is allowed, and thereafter, accrual of interest on the entire judgment. The case is hereby referred to the Clerk of the Court for the assessment of costs.

IT IS SO ORDERED.

period within which the thing was to be delivered or the service rendered was a determinate cause to constitute the obligation.

In mutual obligations none of the persons bound shall incur default if the other does not fulfill or does not submit to properly fulfill what is incumbent upon him. From the time one of the persons obligated fulfills his obligation the default begins for the other party."

"Section 3025. Should the obligation consist in the payment of a sum of money, and the debtor should be in default, the indemnity for losses and damages, should there not be a stipulation to the contrary, shall consist in the payment of the interest agreed upon, and should there be no agreement, in that of the legal interest.

Until another rate is fixed by the Government, interest at the rate of six percent per annum shall be considered as legal."

4. *Civico v. Rodríguez,* 4 PRR 296 (1903); *W.B. Flesh Bros. v. González,* 28 P.R.R. 639 (1926);

*Midrose Foods v. Román,* 454 F.2d 1159 (1st Cir.1972); *Fuentes v. Hull Dobbs Co.,* 88 P.R.R. 544 (1963); Manresa, *Código Civil Español,* Vol. 8, pages 151–163, 8th Ed. 1967; C. Aubry & C. Rau, *Cours de Droit Civil Francais,* Vol. IV 308 (E. Bartin trans. 6th ed. 1965), p. 99. Planiol, M., *Treatise on The Civil Law,* Vol. 2, Part 1265 (Louisiana State Law Institute trans. 11th ed. 1939, at pp. 158–159), states:

"The creditor of a sum of money who claims an indemnity because of a delay in payment is not required to prove that such delay caused him a detriment; he has the right to receive interest for the delay 'without being required to justify any loss.' (Citations omitted.) The reason for this is that he who expects his money on a certain day always suffers a detriment when he must wait for payment. Money being a fruitful thing, easy to place, the creditor is always deprived of the revenue of his capital."