TABER PARTNERS I, Plaintiff,

v.

INSURANCE COMPANY OF NORTH AMERICA, INC., Defendant.

TABER PARTNERS I, Plaintiff and Counterdefendant,

v.

MERIT BUILDERS, INC. Defendant, Counterclaimant & Third-party Plaintiff,

v.

VICTOR TORRES & ASSOCIATES, INC. and Desarrollos Metropolitanos, Inc., Third-party Defendants.

Civil Nos. 91–1220, 91–1211.

United States District Court, D. Puerto Rico.

May 15, 1996.

Rubén T. Nigaglioni, Ledesma, Palou & Miranda, Hato Rey, P.R., for Plaintiff.

Eric Tulla, Rivera, Tulla & Ferrer, Hato Rey, P.R., for Defendant.

Edilberto Berríos Pérez, Hato Rey, P.R., for Víctor Torres.

Humberto Guzmán Rodríguez, Fiddler, González and Rodríguez, San Juan, P.R., for Desarrollos.

### OPINION AND ORDER ON ATTORNEYS' FEES

PIERAS, District Judge.

This matter is before the Court on unopposed motions for attorneys' fees filed by codefendant Insurance Company of North America, Inc. (hereinafter "INA"), and codefendant Merit Builders, Inc. (hereinafter "Merit"), pursuant to Rule 44.1 of the Puerto Rico Rules of Civil Procedure, and Rule 11 of the Federal Rules of Civil Procedure (docket Nos. 597 and 601). Plaintiff Taber Partners I (hereinafter "Taber") has not filed an opposition to these motions for attorneys' fees. Nonetheless, for the following reasons, codefendants' motions are hereby DENIED.

## I. BACKGROUND

This is yet another Opinion and Order of the case which arises out of the renovation and expansion of the Ambassador Plaza Hotel and Casino, in Condado, Puerto Rico. Numerous other Opinions and Orders of this Court have dealt with other specific issues which have arisen in this case. *See Taber Partners I v. Insurance Co. of North America, Inc.*, 917 F.Supp. 112 (D.P.R.1996), *Taber Partners I v. Insurance Co. of North America, Inc.*, 906 F.Supp. 735 (D.P.R.1995), *Taber Partners I v. Insurance Co. of North America, Inc.*, 906 F.Supp. 730 (D.P.R.1995), *Taber Partners I v. Insurance Co. of North America, Inc.*, 875 F.Supp. 88 (D.P.R.1995), and *Taber Partners I v. Insurance Co. of North America, Inc.*, 875 F.Supp. 81 (D.P.R. 1995).

The owner of the hotel, Taber, first filed a Complaint against Merit, the general contractor, asserting that Merit had performed its construction duties in a defective and late manner, thereby breaching its contractual obligations under the construction contracts. Taber also alleged that Merit engaged in tortious activity and fraud. In addition, Taber filed a Complaint against INA, the insurance company which issued a performance bond guaranteeing the performance of Merit's work under the Tower Lump Sum Contract. Merit in turn, counterclaimed against Taber for the collection of monies for certifications of payment for work performed under the contracts and retainages, breach of contract for failure to pay pending change orders, and fraud.

After a fourteen week long trial, the jury returned its verdict, holding that Merit had not breached any of the contracts since Merit's performance was neither late nor defective. Consequently, neither INA nor Desarrollos were liable to Taber. As to the counterclaim, the jury found that Taber had breached the contracts by failing to pay Merit for work performed, and determined the amount of damages at $1,597,414.00, the amount that Merit was seeking on its counterclaim against Taber. Pursuant to a preverdict agreement of the parties, the Court included interest in the amount of the judg-

ment, calculated according a provision in the parties' contracts.

Following the jury verdict, both INA and Merit moved for the imposition of attorneys' fees under the Puerto Rico Civil Code, alleging that Taber and its counsel had engaged in temerity during this litigation. Merit also moved for the imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure, alleging that Taber and its counsel failed to make a reasonable inquiry into the allegations of the Complaint, and failed to reassess the merits of its Complaint during the litigation.

## II. DISCUSSION

### A. TEMERITY

In cases where the federal district court's jurisdiction is based upon diversity of citizenship, such as this one, state law, rather than federal law applies to determine the question of imposition of attorneys' fees. *Peckham v. Continental Casualty Ins. Co.*, 895 F.2d 830, 841 (1st Cir.1983) (citing *Navarro de Cosme v. Hospital Pavia*, 922 F.2d 926, 934 (1st Cir.1991) and *Pan American World Airways, Inc. v. Ramos*, 357 F.2d 341, 342 (1st Cir.1966)). Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure which provides that a court is to impose payment of attorneys' fees against a party who has been obstinate, reads in pertinent part:

> In the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct. P.R.Laws Ann. tit. 32, App. III, Rule 44.1(d).

In order to determine whether a party or its lawyer was obstinate, a court must examine whether "a litigant was unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the Court and the other litigants unnecessary expense and delay." *De León López v. Corporación Insular de Seguros*, 931 F.2d 116, 126 (1st Cir.1991). This determination of obstinacy is dependent on the particular facts of each case and lies in the sound discretion of the court. *Reyes v.*

*Banco Santander de Puerto Rico, N.A.*, 583 F.Supp. 1444, 1445 (D.P.R.1984).

A finding of obstinacy is not an entitlement to the prevailing party, but a penalty to those parties whose litigation practices result in "unreasonable pertinaceousness." *Id.* at 1446. It is a sanction designed to "punish the offending party as well as to recompense those who are victimized by the offender's recalcitrance." *Dopp v. Pritzker*, 38 F.3d 1239, 1253 (1st Cir.1994). This goal is achieved by ordering the obstinate party to pay attorneys' fees in a reasonable amount to the opposing party. *Paul N. Howard Co. v. Puerto Rico Aqueduct & Sewer*, 110 F.R.D. 78, 83 (D.P.R.1986) (citing *Ferrer Delgado v. Sylvia de Jesús*, 440 F.Supp. 979, 982 (D.P.R.1976)). In analyzing these allegations of temerity, the overall nature of the litigation must be taken into consideration. *Dopp*, 38 F.3d at 1253.

After due consideration of the evidence, the Court concludes that plaintiff did not engage in temerity in its prosecution of the claims against either INA or Merit. Plaintiffs presented sufficient evidence upon which the jury could have found that Merit breached the construction contracts by defective and/or late performance of its obligations. This Court denied defendants' Motions for Judgment as a Matter of Law pursuant to Rule 50 of the Federal Rules of Civil Procedure because there was sufficient evidence upon which a jury could find for plaintiff on the theories of breach of contract. *See* docket Nos. 480 and 518. Defendants also presented sufficient evidence from which the jury could conclude that Merit did not perform either defectively or late. This Court denied plaintiff's motion for a new trial because there was sufficient evidence supporting the jury's verdict. *See* docket No. 585. Given the fact that sufficient evidence was presented to support either side of the case, this Court cannot logically conclude that plaintiff prosecuted a frivolous, and meritless claim, or that plaintiff otherwise engaged in temerity.

As to the prosecution of its claim, this Court cannot conclude that Taber was unreasonable in the quality and degree of its litigiousness. The construction contracts be-

tween Taber and Merit provided that all disputes should be submitted to arbitration. Article 7.9, of General Conditions of the Contract for Construction of The American Institute of Architects, reads as follows:

> All claims, disputes and other matters in question between the Contractor and Owner arising out of, or relating to the Contract Documents or the breach thereof, ..., shall be decided by arbitration....

During the performance of renovation and construction of the Ambassador, various claims and disputes arose between Taber and Merit concerning the performance, and the alleged breaches of the construction contracts. Taber filed the Complaint in the case at bar on February 20, 1991. Soon thereafter, Merit filed a Counterclaim and a Third Party Complaint against Víctor Torres and Associates ("VTA") and Desarrollos Metropolitanos ("Desarrollos"). In April 1991, Desarrollos moved to compel arbitration of the grievances. Both Taber and Merit opposed the motion to compel arbitration, and argued for the resolution of all their differences in federal district court.

On the eve of trial, the third party defendants, VTA and Desarrollos, moved to dismiss the Complaint. This Court granted their motions finding that there was no subject matter jurisdiction because there was not complete diversity of the parties. *See* docket Nos. 198, 208, and 209. Taber thereafter appealed to the First Circuit, which reversed the decision of the District Court and remanded for further proceedings. *Taber Partners I v. Merit Builders, Inc.*, 987 F.2d 57 (1st Cir.1993).

Once again in the District Court, defendants filed numerous motions for summary judgment and motions for partial summary judgement based upon a series of issues, including waiver of any right to claims for damages for apparent construction defects and delay, res judicata and collateral estoppel, and failure to properly notify the insurance company. This Court denied all motions for summary judgment, finding that there were genuine issues of material fact concerning the major issues, and denying all parties claims of fraud. Thereafter, the case proceeded to jury trial which lasted for over

fourteen weeks. The duration of the trial was not caused by Taber, nor by Taber's counsel.

Given this procedural background, this Court cannot conclude that Taber was unreasonably adamant. It appealed the dismissal of the Complaint and prevailed. It prevailed past the stage for motions for summary judgment, and during trial for motions for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. The mere fact that Taber did not ultimately prevail before the jury does not mean that its Complaint was frivolous, nor that Taber should have ceased from prosecuting its claims.

For the foregoing reasons, the Court hereby DENIES codefendant INA's and codefendant Merit's motions for the imposition of attorneys' fees based upon temerity.

### B. *RULE 11*

■ Rule 11(c) of the Federal Rules of Civil Procedure parallels the goals and purposes to be achieved by the local rule in the Puerto Rico court. "Sanctions are meant to deter and punish litigation abuse, facilitate case management, and compensate victims." *Navarro–Ayala v. Núñez*, 968 F.2d 1421, 1426 (1st Cir.1992). A court may impose sanctions upon an attorney or law firm which violates the provisions of Rule 11 by submitting a pleading or motion with an improper purpose.

■ Defendants argue that plaintiff and its counsel engaged in fraud. Prior to trial, however, this Court found that neither of the parties had presented any evidence upon which a reasonable jury could conclude that any party had engaged in fraudulent conduct, and thereby precluded any evidence concerning any issue of fraud from being presented to the jury. *See* docket No. 313. Defendants have not presented any evidence as an exhibit to their motion for attorneys' fees sustaining their allegations that plaintiff and its counsel engaged in fraudulent activity. Therefore, there is no evidence that plaintiffs submitted any particular pleading or motion with any improper purpose, nor that plaintiffs incurred in any litigation abuse which

would warrant sanctions. Consequently, the imposition of attorneys' fees against Taber pursuant to Rule 11 is unwarranted.

## III. CONCLUSION

For the foregoing reasons, INA's and Merit's motions for attorneys' fees are hereby DENIED.

IT IS SO ORDERED.