**Yomar VAZQUEZ–FILIPPETTI, et al., Plaintiffs,**

v.

**BANCO POPULAR DE PUERTO RICO, et al., Defendants.**

**No. CIV. 03–2071(HL).**

United States District Court, D. Puerto Rico.

Jan. 9, 2006.

---

See also, 385 F.Supp.2d 114

David W. Roman, Jose Luis Ubarri–Garcia, Brown & Ubarri, San Juan, PR, Luis R. Mena–Ramos, Luis R. Mena Ra-mos Law Office, San Juan, PR, for Yomar Vazquez–Filippetti, Luz E. Filippetti–Per-ez, Marlyn Vazquez–Filippetti, Yohannie Vazquez–Filippetti, Plaintiffs.

Ivan M. Fernandez, Ivan M. Fernandez Law Office, San Juan, PR, for Banco Pop-ular de Puerto Rico, defendant.

Francisco J. Colon–Pagan, Luis G. Mar-tinez–Llorens, Colon, Colon & Martinez, San Juan, PR, Ivan M. Fernandez, Ivan M. Fernandez Law Office, San Juan, PR, for Federal Ins. Co., defendant.

Hector R. Cuprill, Hector R. Cuprill Law Office, Ponce, PR, Ivelisse Toro–Zam-brana, Felix A. Toro Jr. Law Office, Ponce, PR, Vicente Santori–Margarida, Pinto–Lugo, Oliveras & Ortiz, PSC, San Juan, PR, for Jose Toro–Rodriguez, Felix Toro–Rodriguez, defendants. Vicente San-tori–Margarida, Pinto–Lugo, Oliveras & Ortiz, PSC, San Juan, PR, for Cooperativa de Seguros Multiples, defendant.

Hector R. Cuprill, Hector R. Cuprill Law Office, Ponce, PR, for Cecilia Peti-tion–Garcia, defendant.

Hector R. Cuprill, Hector R. Cuprill Law Office, Ponce, PR, Ivelisse Toro–Zam-brana, Felix A. Toro Jr. Law Office, Ponce, PR, for C/P Toro–Petiton Conjugal Partnership Toro–Petiton, defendant.

## ORDER

LAFFITTE, District Judge.

This matter is before the Court on re-mand from the Court of Appeals for the First Circuit for the limited purpose of clarifying this Court's apparent grant of prejudgment interest to plaintiffs and en-tering any appropriate amended judg-ment.[1] Regretfully, due to a clerical error on the part of this Court, the Court of

---

1. *See* Dkt. No. 214. *Vazquez–Filippetti v. Banco Popular de Puerto Rico,* Civil No. 05– 2372 (1st Cir. Dec. 19, 2005) (order remand-ing case to district court).

Appeals has inadvertently been mislead into understanding that plaintiffs' motion for prejudgment interest and attorneys' fees (Dkt. No. 176) has been adjudicated. As set forth in more detail below, this Court has not ruled upon said motion. Pursuant to the Court of Appeals' remand to clarify the issue of prejudgment interest and Rule 60(a) of the Federal Rules of Civil Procedure, the Court enters an amended order **denying** plaintiffs' motion for prejudgment interest and attorneys' fees.

# I.

## BACKGROUND

Plaintiff Yomar Vazquez–Filippetti along with her mother and siblings, filed a personal injury action in this Court against Banco Popular de Puerto Rico (hereinafter "BPPR"), BPPR's insurer Federal Insurance Company, José Toro Rodríguez, Felix Toro Rodríguez, Cecilia Petition Garcia, the conjugal partnership comprised between Felix Toro Rodríguez and Cecilia Petition Garcia, (hereinafter collectively referred to as "the Toro defendants"), and their insurer Cooperativa de Seguros Multiples. The matter was tried before a jury, and on March 18, 2005, the jury returned a verdict in favor of plaintiffs. On March 22, 2005, the Court entered judgment.[2] That same day, plaintiffs requested that the Court amend the judgment to reflect that defendants are jointly and severally liable to plaintiffs for the full amount of the judgment.[3] On April 6, 2005, plaintiffs filed a second motion to amend judgment, requesting the imposition of prejudgment interest and attorneys' fees.[4]

On August 16, 2005, the Court entered a docket order stating in its entirety "ORDER granting 172 Motion to Amend/Correct, granting 176 Motion to Amend/Correct. An amended judgment shall be entered accordingly."[5] On the same date, the Court entered an amended judgment which was identical to the original judgment but included the following sentence, "Defendants are jointly and severally liable to plaintiffs for the full amount of the judgment."[6] Three days later, on August 19, 2005, Co-defendants BPPR and Federal Insurance Company appealed this Court's March 22, 2005 original judgment, August 16, 2005 amended judgment, and July 22, 2005 order denying defendants' renewed motion for judgment as a matter of law.[7] On December 19, 2005, the Court of Appeals for the First Circuit, holding the appeal in abeyance and retaining appellate jurisdiction, issued an order remanding the case for the limited purpose of having the Court "clarify its grant of prejudgment interest and enter any further appropriately amended judgment."[8]

It has come to the Court's attention that its docket order entered on August 16, 2005, (Dkt. No. 193) contains a clerical error. In said order, the Court intended to rule only on plaintiffs' March 22, 2005 motion to amend judgment to address the issue of joint and several liability (Dkt.172), and not plaintiffs' April 6, 2005 motion to amend judgment to include the imposition of prejudgment interest and attorneys' fees (Dkt. No. 176). However, due to an inadvertence, plaintiffs' April 6,

2. Dkt. No. 171.

3. Dkt. No. 172.

4. Dkt. No. 176.

5. Dkt. No. 193.

6. Dkt. No. 194.

7. Dkt. No. 195.

8. Dkt. No. 214, at p. 2.

2005 motion to amend judgment was mistakenly selected in the electronic document filing system. The Court has not previously adjudicated plaintiffs' motion for prejudgment interest and attorneys' fees, and is making its ruling now. Accordingly, pursuant to the First Circuit Court of Appeals' December 19, 2005 remand order and Rule 60(a) of the Federal Rules of Civil Procedure, the Court enters an amended order denying plaintiffs' motion for prejudgment interest and attorneys' fees.

## II.

### *MOTION FOR ATTORNEYS' FEES AND PREJUDGMENT INTEREST*

■ Before the Court are plaintiffs' motion to amend judgment to include the imposition of prejudgment interest and attorneys' fees [9] and defendants' individual oppositions to said motion.[10] Since jurisdiction of this case is based on diversity of citizenship, the Court must apply the substantive law of the Commonwealth of Puerto Rico to the issue of attorneys' fees and prejudgment interest. *Correa v. Cruisers, a Div. of KCS Int'l, Inc.,* 298 F.3d 13, 30 (1st Cir.2002)(citing *Grajales–Romero v. Am. Airlines, Inc.,* 194 F.3d 288, 301 (1st Cir.1999)); *Fajardo Shopping Ctr., S.E., v. Sun Alliance Ins. Co. of Puerto Rico,* 167 F.3d 1, 14 (1st Cir.1999). It is well established that Puerto Rico's Civil Procedure Rule 44.1(d) and Rule 44.3(b) are substantive for *Erie* doctrine purposes. *Fajardo Shopping Ctr., S.E.,* 167 F.3d at 14; *Servicios Comerciales Andinos, S.A. v. Gen. Elec. Del Caribe, Inc.,* 145 F.3d 463, 478 (1st Cir.1998). Rule 44.1(d) provides that "[i]n the event any party or its lawyers has acted obstinately

or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct." 32 L.P.R.A.App. III, R. 44.1(d); *Top Entertainment, Inc. v. Torrejon,* 351 F.3d 531, 533 (1st Cir.2003). Rule 44.3(b) provides that prejudgment interest is mandated "on the party that has acted rashly." 32 L.P.R.A.App. III, R. 44.3(b). "[W]hile Rule 44.3(b) speaks in terms of parties who act 'rashly,' 'the case law makes it transpicuously clear that the legally operative conduct under Rule 44.3(b) is that of obstinacy.'" *Id.* (quoting *Dopp v. Pritzker,* 38 F.3d 1239, 1252 (1st Cir.1994))(citing *De Leon Lopez v. Corporacion Insular de Seguros,* 931 F.2d 116, 126–27 (1st Cir. 1991); *Ramos v. Davis & Geck, Inc.,* 167 F.3d 727, 734 (1st Cir.1999)).

■ "A finding of obstinacy requires that the court determine a litigant to have been unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." *Correa,* 298 F.3d at 30 (quoting *De León López,* 931 F.2d at 126); *Puerto Rico Telephone Co., Inc. v. U.S. Phone Mfg. Corp.,* 427 F.3d 21, 33 (1st Cir.2005). Specifically, "[a] party shall be found obstinate if it 'engages in actions which (a) make necessary litigation which could have been avoided, (b) prolongs the litigation unnecessarily, or (c) requires the other party to incur expenses in the pursuit of avoidable tasks.'" *Top Entertainment Corp.,* 349 F.Supp.2d at 251 (quoting *Newell Puerto Rico, Ltd. v. Rubbermaid, Inc.,* 20 F.3d 15, 24 (1st Cir.1994)). "Examples of obstinate conduct include: denying all liability in answering a complaint, where the defendant later admits liability; raising inappli-

---

**9.** Dkt. No. 176.

**10.** Dkt. Nos. 177, 179, 812.

cable defenses; denying all liability when only the amount of damages sought is contested; and denying a fact, knowing it is true." *Correa,* 298 F.3d at 31 (citing *Fernández Mariño,* 18 P.R. Offic. Trans at 830–31). If the court concludes that a party has been obstinate, the assessment of attorneys' fees and legal interest is mandatory. *Id.; Fajardo Shopping Ctr., S.E.,* 167 F.3d at 14 (citing *Dopp,* 38 F.3d at 1252).

■ In the present case, plaintiffs seek the imposition of attorneys' fees and prejudgment interest, pursuant to Rule 44.1(d) and Rule 44.3(b) respectively, on the grounds that defendants were obstinate because they contested negligence and facts which in good faith could not have been denied, and filed frivolous motions. In support of their argument that defendants were obstinate in contesting negligence and facts, plaintiffs rely on co-defendants BPPR and Federal Insurance Company's answers to nine (9) paragraphs of the second amended complaint; and co-defendants José Toro Rodríguez, Felix Toro Rodríguez, and Cooperativa de Seguros Multiples answers to five (5) paragraphs of the second amended complaint. Defendants' answers, with one exception, fall into two categories: (1) answers that deny responsibility for plaintiffs' injuries and other allegations of negligence, and (2) answers that deny allegations on the grounds that defendants' lacked sufficient information or deny allegations as drafted. As discussed below, the Court finds that in the instant case defendants' answers to the second amended complaint do not amount to obstinate conduct.

The Court of Appeals for the First Circuit has summarily rejected the argument that a defendant engages in obstinacy within the meaning of Rule 44.1(d) when it merely answers a complaint and denies negligence or responsibility for plaintiff's

damages. *See Correa,* 298 F.3d at 13; *Grajales–Romero,* 194 F.3d at 300 (citing *Mejias–Quiros v. Maxxam Property Corp.,* 108 F.3d 425, 429 (1st Cir.1997)(concluding that such an argument "cannot seriously be intended")). Secondly, defendants' failure to admit liability does not constitute obstinate conduct because defendants' asserted non-frivolous defenses, namely that their co-defendants' negligent acts or omissions -rather than their own were the proximate cause of plaintiffs' injuries. In fact ultimately, the jury did not assign all liability to one defendant group; rather, the jury allocated BPPR and its insurer Federal Insurance Company seventy-five percent (75%) liable and the Toro defendants and their insurer Cooperativa de Seguros Multiples twenty-five percent (25%) liable. Until trial several material facts remained contested. Irrespective of defendants' ultimate success, or lack thereof, in the present case defendants were entitled to try to prove their defenses before the jury. *See Reyes v. Banco Santander de Puerto Rico, N.A.,* 583 F.Supp. 1444, 1446 (D.P.R.1984)("The mere fact that a plaintiff recovers a jury verdict, without more, is not sufficient ground for an award of attorney's fees. . . . The fact that the fruit of their labor was highly successful does not mean that defendant was obstinate." *Id.* at 1445–46.). Accordingly, the Court finds that defendants' denial of its own negligence or responsibility for plaintiffs' injuries in its answers to the second amended complaint was not obstinate conduct.

The Supreme Court of Puerto Rico has "held that there is obstinacy if a defendant answers a complaint and denies his total liability, even if he accepts it later on." *Fernández Mariño,* 18 P.R. Offic. Trans. at 830. The First Circuit has found *Fernández Mariño* inapplicable where defendants deny allegations for lack of sufficient

knowledge or information because such answers do not constitute a denial of total liability. *Correa*, 298 F.3d at 32. "As a matter of law, *denying* a fact is different than asserting an inability to answer for lack of sufficient information." *Id.* at 31 (emphasis in original). Defendants' answers to the second amended complaint which deny allegations for lack of information or as drafted simply do not represent a denial of total liability or otherwise qualify as obstinate conduct. Defendants' objections on these grounds were reasonable at that stage of litigation and did not needlessly prolong litigation or require plaintiffs to engage in any unnecessary efforts.

In one and only one instance, did a defendant deny an allegation in the answer to the second amended complaint which it knew to be true. In response to paragraph no. 15 of the amended complaint codefendant BPPR denied that there was no guardrail, barrier or any protective device separating the sidewalk running in front of the ATM from cars making banking transactions at the Auto Bank operated by BPPR.[11] In its opposition, defendant BPPR explains that it denied said allegation because the allegation did not contain any averment that such protective devices are mandated by law, regulation, or industry standard.[12] Although it may have been more appropriate if BPPR had qualified its answer rather than categorically denying paragraph no. 15 of the second amended complaint, there is no indication in the record that this conduct was done in the spirit of temerity or obstinacy, or in any way caused plaintiffs, the other litigants, or the court any unnecessary expense or delay. Defendant BPPR's conduct on this occasion simply does not rise to obstinacy or rashness under Rule 44.1(d) or 44.3(b).

Plaintiffs' other basis for seeking the award of attorneys' fees and prejudgment interest is that defendants BPPR and Federal Insurance Company filed frivolous motions, specifically BPPR and Federal Insurance Company's renewed motion for judgment as a matter of law and Federal Insurance Company's multiple motions *in limine* to exclude plaintiffs' expert witnesses. The Court did not find said motions to be frivolous at the time that the Court initially adjudicated the motions. And upon subsequent review, the Court concludes that a finding of frivolity would not be justified in this case. Further, it should be noted that during the pendency of litigation, plaintiffs repeatedly moved the Court for the imposition of sanctions against defendants and the same was denied each and every time.

"Obstinacy is to be judged in light of the overall circumstances of the particular case." *Correa*, 298 F.3d at 30 (citing *Dopp*, 38 F.3d at 1253)) (opining that a court should look at the case's "personality" in evaluating obstinacy); *Fajardo Shopping Ctr.*, 81 F.Supp.2d at 334). The overall "personality" of the case at hand does not lend itself to the conclusion that defendants' conduct was obstinate or frivolous. Defendants timely attempted to engage in reasonable and good faith settlement negotiations with plaintiffs. Plaintiffs in turn refused to consider counteroffers for any amount less than an unprecedented settlement demand of ten million dollars.[13] *See* Pretrial and Settlement Conference Report and Order, Dkt. No. 145, at p. 4 ("Settlement was discussed but at inception plaintiffs made it clear that, in complying with the Court's instructions, they had submitted a settle-

---

11. *See* Dkt. No. 176 at p. 5.

12. Dkt. No. 179.

13. *See* Dkt. No. 177 at p. 2 ¶ 1(a).

ment demand and were not willing to consider counteroffers for less. The demand was rejected by defendants as being unreasonable."). The case ultimately had to be tried before a jury because plaintiffs rebuffed defendants' multiple good faith attempts to reach a settlement.

In sum, the Court cannot conclude that defendants were "unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation" or that their conduct resulted in "wasting time and causing the court and the other litigants unnecessary expense or delay." *De Leon Lopez*, 931 F.2d at 126. Plaintiffs have not cited instances of conduct sufficient to permit a finding of obstinacy and none can be garnered from a review of the record as a whole. *See Puerto Rico Tele. Co., Inc.*, 427 F.3d at 33 ("Factual findings of specific instances of misconduct, taking into account the overall character of the litigation, are required to support a finding of obstinacy mandating the award of attorney fees under Puerto Rican law.") Accordingly, plaintiffs' motion for the imposition of attorneys' fees and prejudgment interest under Rule 44.1(d) and 44.3(b) is hereby **denied**.

### III.

### *SUPERSEDEAS BOND*

In the remand order of December 19, 2005, the Court of Appeals for the First Circuit delineated that because the parties do not dispute that the posting of a supersedeas bond is appropriate, the determination of a suitable bond is left to this district court's discretion to be made in accordance with Fed.R.Civ.P. 62(d) and D.P.R.Civ.R. 65.2(d). Accordingly, the Court hereby orders defendants to post a supersedeas bond in the amount of $5,100,515.50, by January 23, 2006. This amount shall be in addition to the $1,024,484.50 which defendant Federal Insurance Company deposit-

ed with the Court on May 6, 2005 (Dkt No. 185) and the $75,000.00 which the Toro defendants and defendant Cooperativa de Seguros Multiples deposited with the Court on September 29, 2005 (Dkt. No. 198).

### CONCLUSION

For the aforementioned reasons, plaintiffs' motion for the imposition of attorneys' fees and prejudgment interest (Dkt. No. 176) is denied. Further, defendants are ordered to post a supersedeas bond in the amount of $5,100,515.50, by January 23, 2005.

The Clerk of the Court shall serve the Court of Appeals for the First Circuit with a certified copy of this order forthwith.

**IT IS SO ORDERED.**