**Milagros Gracia COLON,
et als., Plaintiffs**

v.

**Raul Gracia RINALDI, MD.,
et als., Defendants.**

**Civil No. 01–1571 (DRD).**

United States District Court,
D. Puerto Rico.

March 31, 2008.

---

Eric M. Quetglas–Jordan, Jose F. Quetglas, Quetglas Law Office, San Juan, PR, for Plaintiffs.

Jose A. Miranda–Daleccio, Miranda Cardenas & Cordova Law Office, Jesus R. Morales–Cordero, Jose L. Gonzalez–Castaner, Gonzalez, Castaner & Morales Cordero, CSP, Rafael Mayoral–Morales, Latimer, Biaggi, Rachid & Godreau, Jaime E. Morales–Morales, Morales Morales Law Offices, San Juan, PR, Jose H. Vivas, Vivas & Vivas, Ponce, PR, for Defendants.

### OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court is plaintiff's, *Motion for Attorney's Fees Against Defendant Seguros Triple S, Inc.,* (Docket No. 479), *Motion for Bill of Costs Against Defendant Seguros Triple S, Inc.* (Docket No. 478), and Defendant, *Opposition to Plaintiff's Motion for Attorney's Fees* (Docket No. 469).

Plaintiffs aver that since the beginning of the instant case, co-defendant Seguros Triple S has denied liability. Plaintiffs state that even though on July 31, 2006, co-defendant, Triple S, filed a *Motion for Leave to Deposit Money with Court* (Docket No. 275), and therefore consigned in Court the sum of $85,000.00, Triple S did not admit liability at that time either. On September 28, 2006, the Jury rendered a Special Verdict (Docket No. 384), wherein co-defendant, Garcia Rinaldi was assigned 50% liability. Notwithstanding, Plaintiffs arrived at an agreement, filed on February 13, 2007 at Docket No. 468, with co-defendant Garcia Rinaldi, wherein he admitted liability. Consequently, on February 28, 2007, this Court entered Judgment (Docket No. 474), in favor of Plaintiffs and, among others, against Garcia and Triple S. Therefore, Plaintiffs allege that since they are a prevailing party in their action against Triple S, they are entitled to attorney's fees and costs pursuant to Rule 54 of the Federal Rules of Civil Procedure. Furthermore, Plaintiffs aver that they are entitled to attorney's fees pursuant to Rule 44.1 of the Puerto Rico Rules of Civil Procedure due to Triple S obstinate denial of liability.

Moreover, through Plaintiffs' *Response in Opposition to STS' Motion in Compliance* (Docket No. 533), Plaintiffs aver that although in March 23, 2005, Plaintiffs had accepted Triple S' offer of $85,000, said

agreement was conditioned to the essential terms that Triple S would prepare the necessary paper work in order to execute the agreement and arrange the prompt payment directly to Plaintiffs, but all during that time. Nevertheless, Plaintiffs allege that since Triple S failed to proceed with the aforementioned terms, the settlement lacked cause and therefore, there can be no settlement. In addition, Plaintiffs allege that pursuant to the applicable Puerto Rico law, Triple S had the duty to issue an insurance policy in favor of co-defendant, Garcia Rinaldi in the amount of $100,000, but instead, Triple S cosigned the amount of $85,000. Consequently, Plaintiffs aver that Triple S is liable to Plaintiffs for the missing $15,000.

On the other hand, co-defendant, Triple S alleges that Plaintiffs request for attorney's fees has no basis in law, that they have not incurred in obstinacy as to warrant an award for attorney's fees. On the contrary, Triple S avers that throughout the case, they have tried to settle the claim against Triple S, but Plaintiffs on several occasions rejected their offers. What is more, Triple S avers that on February 3, 2005, after several conversations with Plaintiffs' attorney, Triple S offered Plaintiffs as a settlement, the policy limit of $100,000, minus the $15,000 deductible contained in Garcia Rinaldi's policy. Triple S avers that on March 3, 2005, Plaintiffs' attorney accepted the offer, agreeing to relieve Triple S from its contractual liability to the Plaintiffs. Nevertheless, Triple S states that the payment of $85,000, agreed upon by Plaintiffs and Triple S, could not be finalized because co-defendants, Hospital Pavia and the Guarantee Association, opposed the consignment of the moneys. Notwithstanding, on July 31, 2006, Triple S filed *Motion for Leave to Deposit Money with Court* (Docket No. 275), requesting the Court leave to consign the $85,000 and to be release from appearing at trial. Triple S avers that although Plaintiffs filed a Response (Docket No. 279), to Triple S' motion, admitting to the deposit of the moneys, Plaintiffs requested the Court not to release Triple S from appearing at trial.

After reviewing the instant case's record, the Court finds that co-defendant has not incurred in obstinacy within the meaning of Rule 44.1 of the Puerto Rico Rules of Civil Procedure. Consequently, for the reasons stated below, plaintiff's, *Motion for Attorney's Fees Against Defendant Seguros Triple S, Inc.,* and (Docket No. 479), *Motion for Bill of Costs Against Defendant Seguros Triple S, Inc.* (Docket No. 478), are hereby **DENIED.**

## I. Analysis

In cases before the United States District Court, wherein the jurisdiction is attained due to diversity of citizenship, the applicable standard of law for the determination of attorney's fees is the state law. *See Taber Partners I v. Insurance Co. of North America, Inc.,* 926 F.Supp. 36, 38 (D.P.R.1996)(citing *Peckham v. Continental Casualty Ins. Co.,* 895 F.2d 830, 841 (1st Cir.1990); *Navarro de Cosme v. Hospital Pavía,* 922 F.2d 926, 934 (1st Cir. 1991) and *Pan American World Airways, Inc. v. Ramos,* 357 F.2d 341, 342 (1st Cir.1966))

> Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure which provides that a court is to impose payment of attorneys' fees against a party who has been obstinate, reads in pertinent part:

> In the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct. P.R.Laws Ann. tit. 32, App. III, Rule 44.1(d).

In order to determine whether a party or its lawyer was obstinate, a court must examine whether "a litigant was unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the Court and the other litigants unnecessary expense and delay." *De León López v. Corporación Insular de Seguros*, 931 F.2d 116, 126 (1st Cir. 1991). This determination of obstinacy is dependent on the particular facts of each case and lies in the sound discretion of the court. *Reyes v. Banco Santander de Puerto Rico, N.A.*, 583 F.Supp. 1444, 1445 (D.P.R.1984).

A finding of obstinacy is not an entitlement to the prevailing party, but a penalty to those parties whose litigation practices result in "unreasonable pertinaciousness." *Id.* at 1446. It is a sanction designed to "punish the offending party as well as to recompense those who are victimized by the offender's recalcitrance." *Dopp v. Pritzker*, 38 F.3d 1239, 1253 (1st Cir.1994). This goal is achieved by ordering the obstinate party to pay attorneys' fees in a reasonable amount to the opposing party. *Paul N. Howard Co. v. Puerto Rico Aqueduct & Sewer*, 110 F.R.D. 78, 83 (D.P.R.1986) (citing *Ferrer Delgado v. Sylvia de Jesús*, 440 F.Supp. 979, 982 (D.P.R.1976)). In analyzing these allegations of temerity, the overall nature of the litigation must be taken into consideration. *Dopp*, 38 F.3d at 1253.

*See Id.*

Courts look to several factors before making a determination of obstinacy: (1) the complexity of the issues, the clarity of the law, and the disposition of the litigants-in short, the "personality" of the case, *Dopp*, 38 F.3d at 1253–54; (2) the delay and stubbornness in discovery, including a disregard for court orders,

de *de Leon Lopez v. Corporacion Insular de Seguros*, 742 F.Supp. 44, 48 (D.P.R.1990), *aff'd*, 931 F.2d 116 (1st Cir.1991); (3) temerity in settlement negotiations, Id.; and (4) the novelty of the claim, *Riofrio Anda v. Ralston Purina Co.*, 772 F.Supp. 46, 54 (D.P.R.1991), *aff'd*, 959 F.2d 1149 (1st Cir.1992).

*See Nippy, Inc., v. Pro Rok, Inc.*, 932 F.Supp. 41, 44 (D.P.R.1996); *see also Top Entertainment, Inc., v. Torrejon*, 351 F.3d 531, 533 (1st Cir.2003).

In *Fernandez v. San Juan Cement Co., Inc.*, 118 D.P.R. 713, 18 P.R. Offic. Trans. 823 (1987), the Supreme Court of Puerto Rico stated the following:

> We have stated that attorney's fees should be imposed in actions which result in a litigation that could have been avoided, which prolongs it needlessly; or that obliges the other party to embark on needless procedures. **For example, we have held that there is obstinacy if a defendant answers a complaint and denies his total liability, even if he accepts it later on;** if he raises undue defenses in the action; if the defendant does in fact believe that the amount sought is excessive and that is the only reason to oppose plaintiff's petitions, and does not frankly admit his liability, limiting the controversy to the fixing of the sum to be awarded. As we said in *Pérez Cruz v. Hosp. La Concepción*, 115 D.P.R. 721, 739–740 (1984), if "[i]t risked litigating a case in which ... negligence is prima facie. It should thus assume liability for its actions." (Underscore supplied.) To deny a fact, knowing that it is true, also constitutes obstinacy.

*(Internal citations omitted)(emphasis ours ).*

■ In the instant case, Plaintiffs allege that Triple S acted obstinately because of its denial of liability. Notwithstanding the fact that the Supreme Court of Puerto

Rico has held that there is obstinacy if a defendant answers the complaint and denies liability, even if said defendant accepts liability later, in *Grajales–Romero v. American Airlines, Inc.,* 194 F.3d 288, 300–301 (1st Cir.1999), the First Circuit Court stated the following:

> Plaintiff-cross appellant Grajales claims that under Puerto Rico law, *Fernández v. San Juan Cement Co., Inc.,* 118 D.P.R. 713, 18 P.R. Offic. Trans. 823, 830 (1987), a party engages in obstinacy when it merely answers a complaint and denies responsibility for a plaintiff's damages, even if it accepts that responsibility later. Puerto Rico's Rules of Civil Procedure 44.1(d) and 44.3(b) permit respectively the award of attorney's fees and prejudgment interest when a party has been, in the court's judgment, obstinate. *See* 32 L.P.R.A.App. III, R. 44.1(d), 44.3(b). When Puerto Rico law supplies the basis for decision in a diversity case, federal courts must apply Rule 44.1(d), *Quiñones–Pacheco v. American Airlines, Inc.,* 979 F.2d 1, 7 n. 8 (1st Cir.1992), and application of Rule 44.3(b) would seem to follow. However, as Grajales concedes, a previous panel of this court, in *Mejias–Quiros v. Maxxam Property Corp.,* 108 F.3d 425, 429 (1st Cir.1997), rejected (years after the *Fernández* decision) the very same claim of obstinacy that Grajales raises here. We agree with the *Mejias–Quiros* panel that this argument "cannot [be] seriously intended." *Id.*

(*Emphasis ours* ).

> The Circuit Court further explained that [i]n *Fernández,* the defendant had denied in its answer factual allegations such as the date of an accident, the fact that the accident occurred, the identity of the driver of its truck, the existence of insurance coverage, and so forth. *See Fernández,* 18 P.R. Offic. Trans. at 832.

> These examples fit the general standard laid out in *Fernández*: "attorney's fees should be imposed in actions which result in a litigation that could have been avoided, which prolongs it needlessly, or that obliges the other party to embark on needless procedures." *Id.* at 830 (citations omitted).

*See Grajales–Romero,* 194 F.3d 288, at 301, FN16 (1st Cir.1999)

Consequently, the Court finds that just because Triple S, as co-defendant, Garcia–Rinaldi's insurer, never admitted liability, does not mean that Triple S acted in an obstinate behavior. The Court further finds that Triple S has not been "unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the Court and the other litigants unnecessary expense and delay." See *Taber Partners I,* 926 F.Supp. at 38. Especially when Triple S since 2005, had been trying in good faith to settle the claim against it, by offering Plaintiffs the policy limits in the amount of $85,000, which initially had been accepted by Plaintiffs, agreeing to relieve Triple S from its contractual liability to them. *See* Docket No. 496, Exhibits 1, 2 and 3. Notwithstanding, Triple S states that the payment of $85,000, agreed upon by Plaintiffs and Triple S, could not be finalized because co-defendants, Hospital Pavia and the Guarantee Association, opposed the consignment of the moneys, as well as the unilateral settlement. *See Id.,* Exhibit 3. Nevertheless, on July 31, 2006, before commencing trial, Triple S filed *Motion for Leave to Deposit Money with Court* (Docket No. 275), requesting the Court leave to consign the $85,000 and to be released from appearing at trial. Although Plaintiffs filed a Response (Docket No. 279), to Triple S' motion, admitting to the deposit of the moneys, and requesting the Court not to release Triple S from

appearing at trial, the Court granted Triple S' motion and excused Triple S from appearing at the jury trial. *See* Docket No. 323.

Moreover, the Court finds that this case was a complex medical malpractice case, which not only included numerous parties but further included cross claims from several Defendants. The Court further finds that Triple S in no way delayed or demonstrated stubbornness in discovery, especially since the beginning, Triple S admitted that it was Mr. Garcia–Rinaldi's insurer and that it had a issued a medical malpractice policy to Garcia–Rinaldi with limits of $100,000 for each occurrence, an aggregate of $300,000 and a deductible of $15,000. *See* Docket No. 110, pg. 2–4. The Court further finds that Triple S did not disregard any Court orders, nor did Triple S show temerity in settlement negotiations. On the other hand, the record is clear that Triple S, tried numerous times, in good faith, to settle the claims against it with Plaintiffs. See Docket No. 496, Exhibits 1–2; see also Docket Nos. 250, 256 and 257(The settlement negotiations were taking place after Triple S offered to settle the claims against it by consigning the totality of the policy less the deductible in February 2005. Settlement negotiations tool place considering the contribution of Triple S.)

In regards to Plaintiffs' allegation that Triple S never admitted liability, although the Court finds that said fact does not constitute obstinate behavior, pursuant to the aforementioned First Circuit Court cases, the fact is that Triple S "asserted non-frivolous defenses", *see e.g. Vazquez–Filippetti v. Banco Popular de Puerto Rico*, 409 F.Supp.2d 94, 99 (D.P.R.2006), by asserting that as Dr. Garcia–Rinaldi's insurer, it

> was not directly or indirectly involved in the facts of the case, so therefore [they] [did] not have any knowledge of plaintiffs' factual allegations; having then to rest upon the investigation and discovery proceedings in the case to asses[s] any certainty of the facts and/or allegations of the Amended Complaint.

*See* Docket No. 110, pg. 3 (*emphasis ours*); *see also Vazquez–Filippetti,* 409 F.Supp.2d at 99–100

> (The Supreme Court of Puerto Rico has "held that there is obstinacy if a defendant answers a complaint and denies his total liability, even if he accepts it later on." *Fernández Mariño,* 18 P.R. Offic. Trans. at 830. The First Circuit has found *Fernández Mariño* inapplicable where defendants deny allegations for lack of sufficient knowledge or information because such answers do not constitute a denial of total liability. *Correa [v. Cruisers, a Div. of KCS Intern., Inc.],* 298 F.3d [13] at 32 (1st Cir.1998).)

Furthermore, in Plaintiffs' *Motion for Attorney's Fees* (Docket No. 479), Plaintiffs also aver that if co-defendant, Triple S would have admitted its liability for the fault of its insured when it answered the complaint, "the plaintiffs would have not had to engage in the extensive discovery and enormous expenses they were forced to assume to be ready to prove Garcia's liability at trial." See Docket No. 479, pg. 9. The Court finds that since Triple S' duty was independent of the Garcia Rinaldi's duty, even if Triple S had admitted liability from the beginning, Plaintiffs would have still had to undergo trial in order to determine Garcia Rinaldi's liability. Furthermore, the Court finds that when taking into consideration the complexity of this case, liability could have in good faith been contested by the Triple S and Garcia Rinaldi. What is more the verdict rendered by the Jury (Docket No. 384), assigned Triple S' insured, co-defendant, Garcia Rinaldi a liability of 50%. Hence, the Court

finds that co-defendant, Garcia Rinaldi and his insurer Triple S "were entitled to try to prove their defenses before the jury." *See Vazquez–Filippetti,* 409 F.Supp.2d at 99–100

(In fact ultimately, the jury did not assign all liability to one defendant group; rather, the jury allocated BPPR and its insurer Federal Insurance Company seventy-five percent (75%) liable and the Toro defendants and their insurer Cooperativa de Seguros Multiples twenty-five percent (25%) liable. Until trial several material facts remained contested. Irrespective of defendants' ultimate success, or lack thereof, in the present case defendants were entitled to try to prove their defenses before the jury. *See Reyes v. Banco Santander de Puerto Rico, N.A.,* 583 F.Supp. 1444, 1446 (D.P.R.1984)("The mere fact that a plaintiff recovers a jury verdict, without more, is not sufficient ground for an award of attorney's fees.... The fact that the fruit of their labor was highly successful does not mean that defendant was obstinate." *Id.* at 1445–46.). Accordingly, the Court finds that defendants' denial of its own negligence or responsibility for plaintiffs' injuries in its answers to the second amended complaint was not obstinate conduct.)

Furthermore, the Court has found that pursuant to the Settlement Agreement (Docket No. 360), wherein Plaintiffs' and the settling co-defendants, one of them being Dr. Raul Garcia Rinaldi, stated that

Plaintiffs' and Co-defendants shall bear their own costs and attorneys' fees, so that any final Judgment entered in the case of cation or the sister Commonwealth case shall be entered without the imposition of costs and attorneys' fees as to them.

*See* Docket No. 360, pg. 2.

Since "an insured defendant is solidarily liable with its liability insurance company", *see e.g., Tokyo Marine and Fire Ins., Co., Ltd., v. Perez & Cia., De Puerto Rico,* 142 F.3d 1, 10 (1st Cir.1998), and "the release by plaintiff as to a particular joint tortfeasor may or may not release the others depending on the plaintiff's intention", *see e.g., Wojciechowicz v. U.S.,* 474 F.Supp.2d 291, 295 (2007), the Court must determine whether in the settlement agreement reached by Plaintiffs and co-defendant Garcia–Rinaldi, does Plaintiff state that although each party was to bear its own costs and attorney's, said agreement did not include Triple S, who is solidarily liable with Garcia Rinaldi.[1]

After reviewing said Settlement Agreement (Docket No. 360), the Court finds that nowhere does it state that Plaintiffs were reserving the right to request attorney's fees and costs, against Garcia Rinal-

---

1. Most critical is the request for costs made by Plaintiff against Triple S which would constitute an unwarranted windfall for Plaintiff considering that Plaintiff settled with Dr. Garcia Rinaldi and the Guarantee Association for a considerable seven figure amount "each party bear[ing] their own costs and attorneys' fees". See Docket No. 360, pg. 2 (emphasis ours). Plaintiff also settled as to co-defendant Dr. Lopez de Victoria and his wife, via a "partial judgment dismissing with prejudice all claims of plaintiff ... against co-defendant Orlando Lopez de Victoria and his wife." See Docket No. 475. Plaintiff further lost in trial all claims against co-defendant, Hospital Dr. Susoni, Inc., (Docket No. 384), hence no claims on attorney's fees can prosper against said Hospital. The only party that remains is Triple S who since the very beginning accepted coverage and revealed the amount of said coverage and further agreed to settle one and half years prior to trial by consigning the entire policy less the deductible with the Court. It would be a gross miscarriage of justice and a windfall, to charge the attorney's fees and costs of the entire litigation relating to all settling parties, exclusively to Triple S.

di's insurer, Triple S, who had already deposited the policy limits with the Court.

## II.  Conclusion

In conclusion the Court finds that co-defendant, Triple S, did not incur in obstinacy as to warrant an award for attorney's fees and costs, pursuant to Rule 44.1 of the Puerto Rico Rules of Civil Procedure, and that pursuant to the Settlement Agreement (Docket No. 360), between Plaintiffs and co-defendant Garcia Rinaldi, wherein it was stated that each party was to bear its own costs and attorney's fees, Plaintiffs also released Triple S from having to pay attorney's fees and costs, since Triple S is solidarily liable with co-defendant Garcia Rinaldi.

Therefore, Plaintiff's, *Motion for Attorney's Fees Against Defendant Seguros Triple S, Inc.,* and (Docket No. 479), *Motion for Bill of Costs Against Defendant Seguros Triple S, Inc.* (Docket No. 478), are hereby **DENIED.**

**IT IS SO ORDERED.**